## BLUTHENTHAL & BICKART *v.* MOORE.

1. There is sufficient consideration to support an agreement to answer for the debt of another, when the creditor is thereby induced by the promisor to relinquish a valuable lien which he had acquired upon property to secure the original debt.

2. A complaint which clearly sets forth such an undertaking to answer for, or guarantee the payment of the debt of a third person, is good, though it does not allege the promise to be in writing; it not appearing from the plaintiff's petition that the agreement was merely verbal.

Argued December 13, 1898. — Decided February 3, 1899.

Complaint. Before Judge Reid. City court of Atlanta. March term, 1898.

*Glenn, Slaton & Phillips*, for plaintiffs.
*Robert J. Jordan*, for defendant.

LEWIS, J. Bluthenthal & Bickart brought suit against S. S. Moore in the city court of Atlanta, presenting in their petition substantially the following case: J. B. Watkins was formerly engaged in the liquor business in the city of Atlanta, and in January, 1897, sold his stock of liquors to one A. J. Harp. At the time of this sale Watkins was indebted to petitioners, and

upon Harp taking possession of the property so sold, said Harp executed to petitioners a mortgage covering the indebtedness due petitioners by Watkins, which indebtedness Harp had assumed. Shortly thereafter Harp, being unable to secure from the city authorities a license authorizing him to run a barroom, delivered the stock of liquors back to Watkins. In the meantime petitioners had foreclosed their mortgage on said property, and Watkins was unable to open the barroom. In order to give Watkins an opportunity to sell liquors, S. S. Moore, the father-in-law of Watkins, agreed with petitioners, if they would accept from said Watkins certain promissory notes in lieu of the mortgage which had been given them by Harp on said property, and which was a superior lien thereon, and would release the foreclosure and allow Watkins to get possession of the property and dispose of the same free from the encumbrance of the mortgage, that he, S. S. Moore, would guarantee that the notes to be given by said Watkins would be promptly paid at maturity. Acting upon this promise of Moore, and his guaranty that the notes to be given by Watkins would be paid promptly at maturity, petitioners accepted from Watkins ten promissory notes, each dated January 18, 1897, and each being for the sum of ten dollars, with interest from date at eight per cent. per annum, due respectively in one, two, three, four, five, six, seven, eight, nine, and ten months after date, also a note dated January 18, 1897, for six dollars, due eleven months after date, and they allowed Watkins to go in possession of the property, and relieved the property from the foreclosure of their mortgage. Copies of the notes were attached to the petition. Petitioners further alleged, that all the notes were due, that Watkins was not in the State, and they were unable to reach him by legal process, nor did they know his whereabouts. Judgment was prayed against Moore and Watkins on said indebtedness. To this petition the defendant, Moore, filed the following demurrer: 1. Because there is no cause of action set out against this defendant. 2. Because the declaration fails to show any consideration to the defendant, Moore. 3. Because the guaranty set out in said petition is not alleged to be in writing, and the same, not being an original undertaking, is

therefore void.    The court sustained the demurrer, and plaintiffs excepted.

1. § 3657 of the Civil Code declares that "a consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." It follows from this, that in order for the consideration of a contract to be valid, it is not essential that any profit or benefit should accrue to the promisor; but the contract is equally as valid if any injury accrue to the promisee. It is true that even if a promise to answer for the debt of another be in writing, it does not necessarily preclude inquiry as to whether a consideration for the promise in fact exists. In *Davis* v. *Tift*, 70 *Ga.* 52–53, it was decided, "A promise in writing to answer for the debt of another need not state the consideration therefor, but the fact of the undertaking being in writing does not preclude inquiry as to whether a consideration for the promise in fact exists; and a promise to pay the pre-existing debt of another, without any detriment or inconvenience to the creditor, or any benefit secured to the debtor in consequence of the undertaking, is a mere nudum pactum." That, however, is not this case. The detriment to the creditors arose out of the fact that, by virtue of the promise and undertaking sued on, they relinquished a valuable lien upon the property of their original debtor at a time when they had commenced to enforce the same, and thus lost the opportunity of making their money out of the principal obligor. Manifestly, then, there was sufficient consideration to support the contract, and the petition was not demurrable on that ground.

2. It is insisted, however, that the undertaking which is made the basis of this action was a guarantee to pay the debt of another, and being a promise to answer for the default of another, it was not an original undertaking, and, under the statute of frauds, should have been in writing. Conceding that there are no facts set forth in the petition which would take this case out of the statute of frauds, we do not think that this ground of the demurrer is well taken. It nowhere appears in the petition that the promise made by the defendant in error was not in writing. That being the case, the court

will not presume, when the contract was made, that there was any violation by the parties of the statute on the subject. The principle announced in the second headnote is fully covered by the decision of this court in *Draper* v. *Macon Dry Goods Company*, 103 *Ga.* 661, where it was held that "In a suit for damages growing out of a breach of contract required by the statute to be in writing, the petition is not demurrable upon the ground that it does not set forth whether or not the contract was in writing." It is true that in that case the contract sued upon was not a promise to answer for the debt of another, but it was a contract involving the purchase of goods for a sum exceeding fifty dollars. The principle decided, however, necessarily governs this case. It will be seen, from the opinion and the authorities cited in the case above mentioned, that the decision rests upon the rule that where a statute in derogation of the common law requires certain contracts to be executed in a prescribed manner in order to be binding upon the parties, the law will not presume, in the absence of proof, that either party has violated the statute. From one of the authorities cited in that opinion is this quotation, which is directly applicable to the case now under consideration : "Thus, a complaint upon an undertaking to answer for the debt of a third person is good, though it does not allege that either the promise or the consideration was in writing." 1 Estee's Pl. § 320.

*Judgment reversed. All the Justices concurring.*