### KEILEY et al. v. CLEAGE.

FISH, C. J. In order to enable an industrial corporation to borrow money from a bank, certain stockholders and directors of the corporation entered into a contract with a bank as follows: "The undersigned stockholders and directors in the Rock Springs Coal Company of Turley, Tenn., in consideration of your bank giving to this company a line of credit of ten thousand dollars ($10,000) on their notes to be renewed from time to time, without notice to us, guarantee the payment of this loan to your bank, this obligation to hold good until we give you notice in writing to the contrary." The bank loaned the corporation $5,000 in pursuance of the contract, and refused to make an additional loan of $3,000, for which the corporation applied. On default of the corporation in payment of the $5,000, one of the guarantors paid the amount, and sued his coguarantors for contribution. The defendants pleaded a discharge on the ground that the bank had refused to lend the corporation the additional amount of $3,000. Final judgment was rendered, and the case was carried by bill of exceptions to the Court of Appeals. That court has propounded to this court the following question: "Where, 'in consideration of' a creditor giving to a principal debtor 'a line of credit' in a stated amount, guarantors become responsible for the payment of 'this loan'

by signing such an instrument as is quoted above, is all liability on the part of such guarantors discharged upon its being shown that the creditor has actually refused the request of the principal debtor for a portion of the credit thus named in the guarantors' agreement?" *Held*, that the language in the contract referring to the total amount of loans to be made to the corporation was merely a limit upon the guarantors' liability, and the refusal of the bank to loan the additional amount of $3,000 did not operate to discharge the guarantors from liability for the amount which was actually loaned by the bank. See *Carson* v. *Hurst*, 137 *Ga.* 640 (74 S. E. 52, Ann. Cas. 1913A, 1086), and authorities cited. See also *Holmes* v. *Schwab*, 141 *Ga.* 44 (80. S. E. 313); Schneider-Davis Co. *v.* Hart, 23 Tex. Civ. App. 529 (57 S. W. 903).

*All the Justices concur.*

No. 1792.    MAY 14, 1920.

Question certified by Court of Appeals (Case No. 10456).

*Spence & Spence* and *G. S. Peck*, for plaintiffs in error.

*Anderson, Rountree & Crenshaw*, contra.