10456. KEILEY *et al. v.* CLEAGE.

JENKINS, P. J. In accordance with the ruling made by the Supreme Court, in response to a certain question certified to it in this case (150 *Ga.* 215, 103 S. E. 167), the judgment of the trial court, refusing to grant the motion for a new trial, must be affirmed.

    *Judgment affirmed. Stephens and Smith, JJ., concur.*
       DECIDED JULY 19, 1920.

Action for contribution; from Fulton superior court — Judge Ellis. January 10, 1919.

The question referred to in the decision was: "Where, 'in consideration of' a creditor giving to a principal debtor 'a line of credit' in a stated amount, guarantors become responsible for the payment of 'this loan' by signing such an instrument as is quoted . . , is all liability on the part of such guarantors discharged upon its being shown that the creditor has actually refused the request of the principal debtor for a portion of the credit thus named in the guarantors' agreement?" The guaranty was signed by certain stockholders and directors of an industrial corporation, in order to enable the corporation to borrow money from a certain bank, and was as follows: "The undersigned stockholders and directors in the Rock Springs Coal Company of Turley, Tenn., in consideration of your bank giving to this company a line of credit of ten thousand dollars ($10,000) on their notes to be renewed from time to time, without notice to us, guarantee the payment of this loan to your bank; this obligation to hold good until we give you notice in writing to the contrary." The bank lent $5,000 to the corporation, in pursuance of the contract, and refused to make an additional loan of $3,000, for which the corporation applied. On default of the corporation in payment of the $5,000, one of the guarantors paid the amount, and sued his coguarantors for contribution. The defendants pleaded a discharge, on the ground that the bank had refused to lend to the corporation the additional amount of $3,000. The trial of the case resulted in a verdict against the defendants, their motion for a new trial was overruled, and they excepted. The Supreme Court, in answer to the certified question, held that "the language in the contract referring to the total amount of loans to be made to the corporation was merely a limit upon the guarantors' liability, and the refusal of the bank to loan the additional amount of $3,000 did not operate to discharge the guarantors from liability for the amount which was actually loaned by the bank."

*Spence & Spence, G. S. Peck,* for plaintiffs in error.

*Anderson, Rountree & Crenshaw,* contra.