## 53161. COLODNY et al. v. DOMINION MORTGAGE & REALTY TRUST.

WEBB, Judge.

Three parties obligated themselves by a guaranty agreement to pay a note, and they want to get out of it.[1]

On July 21, 1972, Delta Equities, Inc., Lester B. Colodny, Richard A. Feldman and John Vlass executed and delivered to Dominion Mortgage & Realty Trust, a Massachusetts business trust, a guaranty and indemnity

---

[1] Compare *Colodny v. Krause,* 136 Ga. App. 379 (221 SE2d 239) (1975); *Colodny v. Krause,* 141 Ga. App. 134 (1977).

agreement by which they unconditionally guaranteed the payment of an indebtedness of Dover Developers, Inc. to Dominion evidenced by a promissory note in the maximum principal amount of $2,700,000. The indebtedness was secured by a deed to secure debt and a security agreement conveying certain property in Fulton County.

The actual principal indebtedness under the note was $1,242,141.12. Dover failed to complete construction of improvements on the security property by November 9, 1973, as required by a construction loan agreement between Dover and Dominion, and thus was in default under the note and security deed. Dominion exercised the power of sale provided by the security deed, and sold the property on February 5, 1974, for $870,000. Upon petition which named as parties Dover and the defendants in this case, the sale was confirmed by order of the superior court entered May 1, 1974, the court holding that the "evidence established the legality of the notice, advertisement and regularity of the sale and that the property brought its true market value."

Thereafter Dominion instituted this action against Colodny, Feldman, Vlass and Delta Equities for the amount of the indebtedness remaining unpaid after crediting to the note the net proceeds from the foreclosure sale. Defendants originally raised no affirmative defenses and denied only three material elements, namely, (i) the amount of the indebtedness, (ii) that there had been a default under the note permitting acceleration, and (iii) that Dominion was entitled to attorney fees. Subsequently defendants by amendment asserted that they had been discharged from their obligations under the guaranty agreement because of certain conduct of Dominion which, they contend, increased their risk without their consent. This alleged conduct was (1) that Dominion did not comply with the loan agreement with Dover in that the loan was underfunded and the fundings were not timely made; (2) Dominion overfunded the loan; (3) the loan agreement between Dominion and Dover had been materially modified; and (4) Dominion had agreed without defendants' consent to a reasonable extension of the maturity date, and then failed to honor its agreement,

both of which acts, they claim, increased their risk of liability and thereby discharged them.

Dominion filed on November 18, 1974 its motion for summary judgment against defendants with supporting affidavit by Albert E. Lang establishing the amount of the indebtedness and the default under the note. Defendants filed their brief in opposition to the motion, and an affidavit by defendant Richard Feldman relating to their discharge defenses, but not controverting Lang's affidavit. Summary judgment against Colodny, Feldman and Delta Equities was granted on Dominion's motion by order dated February 21, 1976.[2] It is from this judgment that defendants appeal.

1.' Dominion's petition and affidavit setting forth the amount of the debt, that there had been a default, and that Dominion was entitled to attorney fees,[3] were not pierced by defendants' affidavit. When motion for summary judgment is made and supported, the adverse party may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided must set forth specific facts showing there is a genuine issue for trial. Civil Practice Act § 56 (e) (Code Ann. § 81A-156 (e)); *Sasser & Co. v. Griffin,* 133 Ga. App. 83, 85 (210 SE2d 34). It is the duty of each party to present his case in full at the hearing on motion for summary judgment. *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 57 (1976).

2. Failure to fund money or lend to a principal additional sums does not operate to discharge guarantors from liability for the amount which was actually advanced by the lender. *Keiley v. Cleage,* 150 Ga. 215 (103 SE 167) (1920) (s.c. 25 Ga. App. 510 (103 SE 806) (1920)). Two provisions of the guaranty and indemnity agreement executed by Colodny, Feldman and Delta Equities preclude them from claiming a discharge on grounds of improper funding. Paragraph 3 of the agreement provides

---

[2] Dominion amended its motion for summary judgment to delete its request therefor against Vlass.

[3] Defendants admitted receiving the notice to bind them for attorney fees.

in part: "The liability of the undersigned shall not be impaired, altered or otherwise affected by . . . any extension of credit in excess of the amount of this guaranty (if any). . . ." Paragraph 9 reads: "Nothing herein shall be construed as an obligation on the part of the Trust to advance funds." Having thus consented to the foregoing, the guarantors can not now complain. *Greene v. Bank of Upson,* 231 Ga. 287, 288 (201 SE2d 463) (1973). "A surety or guarantor may consent in advance to a course of conduct which would otherwise result in his discharge." *Dunlap v. C & S DeKalb Bank,* 134 Ga. App. 893, 896 (4) (216 SE2d 651) (1975).

3. There was no material modification of the note or the guaranty agreement. The amount shown on the note was "$2,700,000," on page 1 of the loan agreement "$2,700,000," on the guaranty agreement "$2,700,000," and the "amendment to loan agreement" which defendants claim "discharged" them was simply to change the figure on the second page thereof to correctly show and conform the amount to that of the other documents.

4. An extension of the time of payment for an indefinite period of time, as claimed by the defendants, does not discharge a surety. The guaranty contract itself provides in paragraph 3 that the liability of the guarantors "shall not be impaired, altered or otherwise affected. . . by any renewal, extension, or modification . . . ." As we held in *Overcash v. First Nat. Bank,* 115 Ga. App. 499, 502 (155 SE2d 32) (1967), " 'A surety is not discharged by any act of the creditor or obligee to which he consents. Consent may be given . . . in advance, as at the time the contract of suretyship is entered into.' " See *Hemphill v. Simmons,* 120 Ga. App. 823, 826 (172 SE2d 178) (1969).

5. Appellants charge error by the trial court in its "overruling by implication" of their motion for consolidation of this case with another. The record of the other case is not before this court, and is still pending in the trial court. Appellants do not show that Dominion consented to a consolidation, or that the trial judge abused his discretion to their detriment. Code Ann. § 81A-142 (a); *Maslia v. DiMauro,* 232 Ga. 546 (207 SE2d 509) (1974).

We find no merit in appellant's contentions.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

Submitted January 5, 1977 — Decided January 11, 1977 — Rehearing denied January 28, 1977 —

*Bell & Desiderio, Ruby Carpio Bell,* for appellants.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Tim Carssow,* for appellee.