*E. L. Owens,* for appellee.

### 31682. JONES v. MILLIGAN et al.

GUNTER, Justice.

Plaintiff-appellant brought an action in the trial court against Clyde Milligan, Mrs. Clyde Milligan, and their son, Walter Milligan. The action sought to cancel and render null and void a deed to real estate from father to son that reserved a life estate in the father and mother. A jury trial resulted in a verdict in favor of the defendants-appellees; the trial judge entered a judgment denying cancellation of the deed; the appellant made a motion for judgment notwithstanding the verdict and a motion for a new trial; both motions were denied by the trial judge; and appellant has come here for review.

We affirm the judgment below.

On December 17, 1971, appellant and Clyde Milligan were involved in an automobile collision that resulted in injuries to both of them. Four days later, on December 21, 1971, Clyde Milligan conveyed his house and lot to his son, Walter, subject to a life estate in favor of the grantor and the grantor's wife.

In February of 1974, the appellant obtained a verdict and judgment against Clyde Milligan in an action brought to recover damages as a result of the 1971 vehicle collision.

In July of 1974, the appellant brought her action against the three Milligans to set the deed aside. Her complaint contended that Clyde Milligan's "solvency at the time of said accident was primarily as a result of his ownership of the aforesaid parcel of property," the parcel described in the deed sought to be set aside.

Paragraph 11 of her complaint alleged: "Said deed of December 21, 1971, was made and delivered with the intention on the part of Clyde William Milligan to hinder, delay, or defraud his creditors, including your plaintiff, and to prevent the lien of the judgment to be obtained herein from becoming a lien on said property, which intention was known to the said Walter Daniel Milligan, the party taking said deed. Walter Daniel Milligan's total consideration paid for the heretofore described property was Ten Dollars ($10.00). Defendant Clyde William Milligan's intention was also known to defendant Myrtice B. Milligan, the party taking a co-life estate under said deed."

Paragraph 12 of her complaint alleged: "Said deed heretofore referred to as Exhibit 'B' is void as being in violation of Subparagraph 2 of Section 28-201 of the Code of Georgia, as amended."

The trial judge's pre-trial order contained in the record reads in pertinent part: "This is a suit in which plaintiff seeks to set aside a conveyance executed executed [sic] by defendant Clyde William Milligan to defendants Walter Daniel Milligan and Myrtice B. Milligan. Plaintiff contends that said deed was made to hinder and delay plaintiff in the collection of a judgment obtained against defendant Clyde William Milligan. Said judgment was obtained after the conveyance referred to

but as a result of an automobile accident which occurred prior to said conveyance. Defendants contend that said deed was not made for the purpose of hindering or delaying plaintiff or any other creditor and said conveyance was bona fide in all respects and is not subject to be set aside. The jury will be qualified as to the parties concerned."

The case proceeded to trial before a jury; the appellant made a motion for a directed verdict at the conclusion of the evidence which was denied; and the jury returned a verdict for the defendants.

1. Was the appellant entitled to a judgment in her favor as a matter of law? It is rather obvious that this case was tried on the principle set forth in Subsection 2 of Code Ann. § 28-201. That subsection provides that every conveyance of real estate made with intention to delay or defraud creditors, and such intention known to the party taking, is fraudulent in law against creditors and others, and as to them is null and void.

The trial judge charged the jury on this principle, and he also charged the principle contained in Subsection 3 of Code Ann. § 28-201: "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance" is null and void and may be set aside as to creditors and others.

The charge presented to the jury the issues of fraudulent intent on the part of the grantor, knowledge of that intent on the part of the grantee, and insolvency of the grantor. The jury resolved these issues in favor of the defendants-appellees. A review of the evidence presented to the jury shows that it did not demand a contrary finding as a matter of law.

Most of appellant's argument on appeal on this issue is based on Subsection 1 of Code Ann. § 28-201 which provides that a transfer is voidable "where any trust or benefit is reserved to the assignor or any person for him." However, this principle was not insisted upon at any time before or during the trial, it was not given in charge to the jury, appellant made no request that it be given in charge, and appellant made no exception to the charge for its failure to be included.

It appears to us that this statutory principle, not

insisted upon during the trial of the case before the jury, is raised for the first time on appeal.

2. Appellant contends that the trial court committed error in the charge to the jury on the burden of proof. The trial court's charge on this subject was as follows: "Plaintiff contends among other things that the — that the defendants in this case made a conveyance of certain property in order to hinder and delay the plaintiff who had a claim against him arising out of an automobile collision which she says this transfer of property made Mr. Milligan insolvent and she asks that this deed be set aside as a fraudulent conveyance in order that she may subject it to a judgment which she later obtained against Mr. Milligan. She has the burden of proof to prove this statement; that is, she must prove whatever it takes to make out her case, except what the defendants may admit in open court or in their pleadings, if you find any admissions to have been made by the defendants. The plaintiff must prove her case by what is known as a preponderance of evidence. That is, by evidence that a person with a reasonable and impartial mind would believe is stronger [sic] than the evidence of the defendant."

Appellant's objection to the charge on the burden of proof issue was as follows: "I would object to the court not charging the jury regarding the burden of proof once it has been established that the, in the — in this case the plaintiff goes forward, shows that there was a transfer, shows that there was a transfer without — without a valuable consideration and that the transfer was made to a relative, that after such a transfer has been made, and I would have to quote the case law, but the burden of proof then switches upon the defendant to show that the transfer was — there was actually a valuable consideration and so forth. And in this case I felt this was an applicable charge to the jury."

The court's response was that no request to charge had been filed seeking instruction on the transfer of the burden of proof to the defendants.

On the theory that the case had been tried to the jury, we do not think the trial judge was required to charge on the shifting of the burden of proof without request.

Furthermore, a review of the entire charge shows that it fairly presented the contested issues to the jury.

3. Appellant's other two complaints here relate to the exclusion from evidence of certain testimony of the officer who investigated the 1971 collision and the failure of two of the defendants-appellees, the mother and the son, to take the stand during the trial and testify in their own behalf. These two complaints are without merit and do not require reversal of the judgment below.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs in the judgment only, and Ingram, J., who dissents.*

SUBMITTED NOVEMBER 22, 1976 — DECIDED MARCH 2, 1977.

*Blanton & Fudge, Gerald W. Fudge,* for appellant. *Zachry & Lewis, Thomas J. Lewis, Jr.,* for appellees.

