## 53899. BONNER v. WACHOVIA MORTGAGE COMPANY.

MARSHALL, Judge.

Appellant Bonner brings this appeal from the grant of summary judgment in favor of the appellee, Wachovia Mortgage Co. The facts adduced before the trial judge established that Bonner was a principal officer of Heart of Decatur, Inc. That corporation borrowed $950,000 from Wachovia as land acquisition money, and executed a note for that amount, with the note being signed by Bonner as secretary. Bonner also gave an unqualified endorsement of the note in his individual capacity. It further appeared that Bonner, in several capacities through other corporations, was indebted to Wachovia in a total amount of almost $8,000,000, represented by over a dozen separate promissory notes. These notes all became in default. Wachovia then entered into a new note with Bonner and its principal corporate debtors, Belvedere Builders and Bonner Properties, in each of which Bonner exercised some degree of control or ownership. The apparent purpose of this last note was to allow the debtors to complete and sell construction projects and otherwise liquidate assets with a view toward satisfying the indebtednesses without foreclosure by Wachovia. The last note expressly recognized open-end clauses in each of the existing notes as well as in the last, and it provided that

default in any of the existing notes or in the last note would cause a default in all indebtednesses. So long as the last note was not in default, Wachovia agreed not to foreclose on any of the earlier notes.

This lawsuit is limited to the indebtedness on the $950,000 note dealing with the Heart of Decatur loan. Bonner asserted as a defense to his obligation the fact that, as an inducement to granting the loan, Wachovia exacted an understanding that, after purchase of the property, Wachovia alone would furnish additional funds (in an undisclosed amount) for development of the property. Bonner was not precluded from seeking funding from other lending institutions, but, if that course was followed, Wachovia would demand a penalty for release of acreage. Bonner also asserted that, even after the loan had been concluded, Wachovia continued to indicate that the additional funds for development would be forthcoming from Wachovia. Ultimately, because of the depressed real estate market and Wachovia's extended position relative to mortgage loans, Wachovia declined to make the development funds available. Bonner alleged that, because of these fraudulent promises by Wachovia, he (Bonner) signed the note as an accommodation maker, and would not have done so in the absence of the fraudulent promises. Bonner also asserted that, by extending the time of payment on the $950,000, he was discharged from his obligation. Bonner does not dispute the existence of the note, that it is in default, that he signed the note as indorser, nor that it is due and payable. There was evidence also presented that Wachovia advanced $949,694.91 as principal under the loan. Its demand is for that amount plus interest and attorney fees. Bonner enumerates as error the grant of summary judgment, on the grounds that the evidence showed that he was fraudulently induced to sign as indorser, and that, by the grant of indulgence, he has been discharged as indorser. *Held:*

1. We affirm. There is no merit in Bonner's contention that he was unlawfully misled by Wachovia's promises to make the development loan, even if Wachovia had no intention of making such advances. The general rule is that fraud cannot be predicated upon statements

which are promissory in their nature as to future acts. *Adamson v. Maddox,* 111 Ga. App. 533, 535 (3) (142 SE2d 313) (1965). Furthermore, no evidence was offered concerning the amount of a development loan, how or when the property was to be developed, the rate of interest or its term. If the parties to a transaction do not create binding agreements, the courts are powerless to do it for them, or to afford a remedy for a breach. *Scott v. Lewis,* 112 Ga. App. 195, 197 (144 SE2d 460) (1965). Under these circumstances, we conclude that a promise, even a false promise, to perform an act in the future is not a false pretense or false representation, and does not constitute the basis for an action for fraud. *Turpin v. North Am. Acceptance Corp.,* 119 Ga. App. 212, 216 (166 SE2d 588) (1969). We hold that failure to fund money or lend to a principal additional sums, does not operate to discharge guarantors from liability for the amount which was actually advanced by the lender. *Keiley v. Cleage,* 150 Ga. 215 (103 SE 167) (1920); *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, 141 (232 SE2d 601) (1977).

2. As to Bonner's second contention, the rule he seeks to apply simply has no application in this case. He seeks to avoid liability by reliance upon the rule that, a contract of suretyship being necessarily included in every unqualified indorsement of a negotiable instrument, an agreement by the holder of a promissory note, entered into with the maker, whereby for value the latter extends the time of payment for a definite period beyond the date of maturity, *if made without the consent of the indorser,* discharges him, whether he be such for value or not. In this case, Bonner was a party to both the original note and the extension. He was fully aware of the extension and clearly and unequivocally consented thereto. The extension of the time of payment for an additional 12 months did not, as claimed by Bonner, discharge him as a surety. A surety is not discharged by any act of the creditor or obligee to which he consents. Consent may be given in advance, as at the time the contract of suretyship is entered into. *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, supra, p. 142. See *Hemphill v. Simmons,* 120 Ga. App. 823, 826 (172 SE2d 178) (1969); *Overcash v. First Nat. Bank,* 115 Ga. App. 499, 502 (155 SE2d 32) (1967).

We find no merit in the appellant's contentions.
*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 4, 1977 — DECIDED JUNE 21, 1977 — REHEARING DENIED JULY 7, 1977 — 

*Troutman, Sanders, Lockerman & Ashmore, John J. Dalton, John G. Grubb, Jr.,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, David K. Whatley,* for appellee.