## 54312. DYNA-COMP CORPORATION et al. v. SELIG ENTERPRISES, INC.

Webb, Judge.

Selig Enterprises, Inc. brought this action against Dyna-Comp Corporation based upon the latter's breach of a lease agreement, and against Elmer Messerschmidt based upon his contract of guaranty. Trial was by the court without a jury, and judgment was entered for Selig against Dyna-Comp and Messerschmidt. They have appealed, enumerating as alleged errors (1) that the evidence demanded a judgment for Messerschmidt, (2) the exclusion of certain testimony elicited by Selig on cross examination, (3) that the evidence demanded a finding that Dyna-Comp was constructively evicted, and (4) that there were no findings of fact in this nonjury

trial.

1. The requirement of Code Ann. § 81A-152 (a) that the judge make written findings of fact and conclusions of law, unless waived, applies to the various state courts as well as to the superior courts. *Risk v. Turner Coal &c. Co.,* 139 Ga. App. 232 (228 SE2d 210) (1976). On request of this court findings of fact and conclusions of law have now been filed.

2. Messerschmidt argues that the evidence demanded a judgment for him "in that the guaranty that he was sued upon was voided by a subsequent novation." The original lease, dated December 20, 1975, was for 2,441 square feet of office space. On the following January 11 it was modified by increasing the floor space to 3,056 square feet, and changing the monthly rental from $1,153.25 to $1,435.12. The guaranty made by Messerschmidt provided that it was a "continuing guaranty of payment" and that it "shall not be affected by . . . the extension or *modification* of any of the terms of said lease contract. . ." (Emphasis supplied.)

"Modify" has been defined as follows: "To alter; to change in incidental or subordinate features; enlarge, extend; limit, reduce." Black's Law Dictionary, 4th Ed. Having agreed that his guaranty would not be affected by any modification of any of the terms of the lease, Messerschmidt is now estopped to complain. *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, 142 (2) (232 SE2d 601) (1977). A guarantor may consent in advance to a course of conduct which might otherwise result in his discharge. *Dunlap v. C & S DeKalb Bank,* 134 Ga. App. 893, 896 (4) (216 SE2d 651) (1975).

3. The second contention is that the court erred in excluding certain testimony elicited from Messerschmidt on cross examination. His testimony appears to have been from notes that he had made upon examination of the books and records of the corporation. Selig had requested those documents by notice to produce, but Dyna-Comp and Messerschmidt had refused. To have denied the motion would have undermined the basic worth of the discovery process. Code Ann. §§ 81A-126, 81A-134 and 81A-137.

4. Dyna-Comp and Messerschmidt also contend that

the evidence demanded a finding that Dyna-Comp was constructively evicted. We do not agree.

Messerschmidt testified that Dyna-Comp vacated the premises on May 30 because "we had notice to leave" and the space was not usable to them due to interruption in electricity supply. There was testimony on behalf of Selig that he had informed Messerschmidt that since "he continued to expand and he continued to add more and more sophisticated equipment [there were some 30 computer machines] . . . he needed more air conditioning and I got a price for him to add a supplemental unit." The trial court found that Dyna-Comp "was not constructively evicted, but voluntarily vacated the premises on or about May 27, 1974."

"[W]here the trial judge, sitting as the trior of the facts, hears the evidence, his findings based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it." *West v. West,* 228 Ga. 397, 398 (185 SE2d 763) (1971); *Hill v. Cockrell,* 141 Ga. App. 39 (232 SE2d 384) (1977). Here there was ample legal evidence to support the findings of fact, and there is no error in the trial judge's conclusions of law.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 22, 1977 — REHEARING DENIED OCTOBER 12, 1977 — ■■■■■■

*Gettle & Fraser, Sherman C. Fraser, Ray C. Norvell,* for appellants.

*Fine & Block, William Hollberg,* for appellee.