54310. CRIDER et al. v. FIRST NATIONAL BANK
OF LOUISVILLE et al.
54311. MORTGAGE ASSOCIATES, INC. v. CRIDER
et al.

McMURRAY, Judge.

In December, 1973, a loan commitment was made by Mortgage Associates, Inc. for the making and funding of a loan in the amount of $1,200,000 to Clairmont Development of Georgia Co. for the construction of and development of a shopping center known as Town &

Country Shopping Center located in Loganville, Walton County, Georgia. The loan was evidenced by a note in the amount of $1,200,000. However, the loan agreement executed by the parties states that in no event would the lender be obligated to disburse more than $110,000 unless and until it received a commitment from another lender satisfactory to it to participate in further advances under the loan or a similar commitment from a permanent lender to assume the long term financing. A personal guaranty was executed by J. Warren Crider and Charles B. Scoma, incorporating the note and loan agreement therein by reference. Crider and Mr. Scoma were president and secretary-treasurer, respectively, of Clairmont Development of Georgia Co.

The loan was closed, and $110,000 was disbursed as provided in the commitment letter and loan agreement. Subsequently, on February 22, 1974, as an accommodation to Crider, who represented to the lender that he was in need of cash to pay for materials which had arrived at the site, and without waiver of the conditions of the loan agreement, an additional $52,000 was disbursed by lender to the borrower. The promissory note matured on May 31, 1974, interest payments on the loan for a number of months had been made, and at the debtor's request the due date for repayment of the total disbursements of $162,000 was extended on several occasions. No loan participant or permanent lender was ever obtained, and no further disbursements were made beyond the aforementioned total of $162,000.

Eventually, the borrower defaulted on the loan. Demand for payment of the sums owing were made upon both Clairmont Development of Georgia Co. and J. Warren Crider by letter to them with notice of the right to make payment in full so as to avoid the imposition of attorney fees.

The loan was not repaid, and Mortgage Associates, Inc., the lender referred to above, sued the defendants J. Warren Crider and Charles B. Scoma on their guaranty agreement in the State Court of Gwinnett County for the amount of the indebtedness due on the promissory note together with attorney fees. Scoma was never served and is not a party to this litigation.

A separate suit was filed by Mortgage Associates, Inc. against Clairmont Development of Georgia Co. on the promissory note in DeKalb County where it was registered. In answer to that suit, Clairmont filed its own counterclaim alleging breach of the loan agreement between it and the lender by virtue of failure to advance further funds.

Crider was properly served in the State Court of Gwinnett County suit and filed his answer generally denying the indebtedness but later amended to file a counterclaim asserting an alleged breach of the loan agreement between plaintiff and Clairmont Development of Georgia Co. by virtue of the failure of the lender to fund the loan in excess of the $162,000 actually disbursed and seeking damages of $809,010.24 (later amended to $987,315.18).

Seven months after service a motion was filed by defendant Crider in this action to add the First National Bank of Louisville of which the plaintiff lender is a wholly owned subsidiary as an additional counterclaim defendant. Over the opposition of plaintiff this motion was granted. Thereafter, Clairmont Development Company moved to intervene in this action as a defendant and plaintiff in counterclaim. The court denied the motion of the First National Bank of Louisville to be dismissed and granted the motion of the Clairmont Development Company for permission to intervene. Clairmont Development of Georgia Co. then moved to intervene contending the intervention by Clairmont Development Company was a mistake and the intervenor should have been Clairmont Development of Georgia Co., not Clairmont Development Company. The trial court allowed the motion of Clairmont Development of Georgia Co. to intervene in place of Clairmont Development Company.

A motion to dismiss the counterclaim of Clairmont Development of Georgia Co. on the grounds that it was barred by the prior pending action in DeKalb County was denied, and the case proceeded to trial before a jury. At the close of the evidence a verdict was directed in favor of the First National Bank of Louisville. Plaintiff's motion for directed verdict as to its claims against Crider and as to

the counterclaims of Crider and Clairmont Development of Georgia Co. were denied. Five forms of possible verdicts were submitted by the court to the jury. However, the jury returned with a sixth, as follows: "We, the jury, find for in favor of MAI against J. W. Crider, for the amount of One Thousand dollars and the security deed for the land." The judgment of the court then followed the verdict as to the sum of $1,000 only against the defendant Crider. Plaintiff's subsequent motion for judgment notwithstanding the verdict was denied, and it appeals in case number 54311.

In case number 54310, J. Warren Crider as defendant and Clairmont Development of Georgia Co., intervenor, jointly appeal the final judgment, as well as the directed verdict in favor of the First National Bank of Louisville. *Held:*

1. The uncontroverted evidence having established a prima facie case, plaintiff was entitled to judgment on the guaranty unless an affirmative defense was established. Code Ann. § 109A-3—307 (2) (Ga. L. 1962, pp. 156, 256); *Mercantile Nat. Bank v. Berger,* 129 Ga. App. 707 (200 SE2d 921); *Freezamatic Corp. v. Brigadier Industries Corp.,* 125 Ga. App. 767 (189 SE2d 108). Defendants' counterclaim contends the plaintiff's breach of contract by failing to fully fund the construction of the shopping center has resulted in harm to defendants. "Any act of the creditor, either before or after judgment against the principal, which injures the surety or increases his risk, or exposes him to greater liability, shall discharge him. . ." Code § 103-203. Defendants also argue that the defense of failure of consideration is raised by the pleadings.

Plaintiff contends that the defendants (Crider and intervenor defendant Clairmont Development of Georgia Co.) have neither pleaded nor proven any affirmative defenses. Assuming without deciding that the issues argued by defendants are pleaded in defendants' counterclaims and cognizable under the provisions of Code Ann. § 81A-108 (c) (Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230; 1976, pp. 1047, 1048), we find no evidence of any failure of consideration or breach of the loan agreement by plaintiff. The loan agreement provided that

the "Lender [plaintiff] has no obligation to advance any sums thereunder in excess of $110,000 until and unless: (1) Lender shall, at Lender's option, have received a commitment from another lender (the 'Participant') satisfactory to Lender whereby said Participant shall agree to participate in advances under said Note and said Deed to Borrower, which commitment of Participant must be in all respects satisfactory to Lender. . . (6) Lender shall, at its option, have received a commitment from another Lender satisfactory to Lender and addressed, at Lender's option, to either Lender or Borrower, for a long term loan on the Property." There was no evidence introduced as to the existence of any party having been found to participate in further advances under the note or of any party committing itself for a long term loan on the property. The terms of the loan agreement were incorporated by reference in the guaranty agreement, and the disbursement of funds by the plaintiff beyond the $110,000 figure was not required by the loan agreement. The allegations of the breach of contract between the principal debtor, Clairmont Development of Georgia Co., and plaintiff being unsubstantiated, this transaction clearly falls within the general rule that failure to fund money or lend to a principal additional sums does not operate to discharge guarantors from liability for the amount which was actually advanced by the lender. See *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139, 141 (2) (232 SE2d 601); *Keiley v. Cleage,* 150 Ga. 215 (103 SE 167). The trial court erred in refusing to grant plaintiff's motion for directed verdict at the close of the evidence since the evidence demanded judgment in favor of the plaintiff. Direction is given that the court enter judgment accordingly for the sum of $162,000 principal due and unpaid, plus interest due thereon since the institution of the lawsuit, and attorney fees.

2. The form of the verdict returned by the jury, under the circumstances of this case, and followed by the judgment of the court was not authorized by the court's instruction to the jury. This verdict should be stricken and judgment entered for the appropriate sum as determined in view of the direction of the verdict in favor of the plaintiff against defendant Crider.

3. Defendants contend that the court erred in granting the motion of First National Bank of Louisville for directed verdict. Defendants rely heavily upon Code Ann. § 109A-2—210 (Ga. L. 1962, pp. 156, 181) which under the provisions of Code Ann. § 109A-2—102 (Ga. L. 1962, pp. 156, 171) is not applicable to this transaction. Plaintiff here is a wholly owned subsidiary of First National Bank of Louisville, and the security deed executed in connection with the loan in this case was assigned to the bank and then back to the plaintiff prior to trial of this case. Monthly interest payments paid to the plaintiff by Clairmont Development of Georgia Co. were deposited in plaintiff's account with First National Bank of Louisville. We find no evidence in these circumstances that First National Bank of Louisville assumed any of the responsibilities of the plaintiff under the loan agreement being litigated here nor as stated in Division 1 do we find any evidence of a breach of the terms of the loan agreement. The court did not err in directing a verdict in favor of First National Bank of Louisville.

4. Plaintiff contends that the court erred in allowing the intervention of Clairmont Development of Georgia Co. In view of the verdict for plaintiff, any such error, if it exists, is harmless to plaintiff and therefore no cause for reversal. Plaintiff did not sue the intervenor Clairmont Development of Georgia Co. on the note but only sought judgment against Crider as to the guaranty even though the intervenor submitted itself to the jurisdiction of the court as a defendant. However, judgment is demanded in favor of the plaintiff against the defendants as to the counterclaims, and the court is directed to also enter judgment thereon against the intervenor.

*Judgment affirmed in Case Number 54310 and affirmed with direction in Case Number 54311. Bell, C. J., and Smith, J., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED
JANUARY 18, 1978.

*James W. Garner, G. Gibson Dean,* for Crider et al. *F. Carlton King, Jr., Philip S. Coe,* for Mortgage

542

Associates, Inc.

*Hansell, Post, Brandon & Dorsey, Philip S. Coe, F. Carlton King, Jr., G. Gibson Dean,* for First National Bank of Louisville et al.