## 57080. RIZK et al. v. JONES et al.

WEBB, Judge.

Fred E. Rizk and his associates as joint venturers under the name of Greenbriar Northeast obtained a loan for which they executed and delivered their note for $5.5 million to James H. Jones and others as trustees of First Commerce Realty Investors, a Louisiana real estate investment trust. The note to FCRI was secured by a second lien on real estate in Gwinnett County which Greenbriar purchased and planned to develop. Appellant Rizk and his associates simultaneously executed guaranty agreements.

FCRI also issued to Greenbriar a conditional loan commitment for a second loan of $8.5 million for development of the property if certain preconditions were satisfied. FCRI refused to make the second loan, however, on the basis that Greenbriar failed to satisfy the express preconditions. Greenbriar filed suit to compel FCRI to make the second loan or in the alternative for damages due to FCRI's failure to make the additional loan. FCRI counterclaimed for over $4.8 million due under the first loan.

The trial court granted summary judgment to FCRI for over $4.8 million, and Greenbriar has made this appeal, enumerating as alleged errors (1) the grant of summary judgment because there were disputed material facts, (2) the grant of FCRI's motion to dismiss the count seeking a decree for specific performance of the second loan agreement, and (3) the denial of Greenbriar's motion to amend its complaint. We transferred this appeal to the Supreme Court because of the alleged equitable issue set forth in the second enumeration. That court held that all equitable issues were moot, and returned the case to this court. There thus remains as the basic issue whether the trial court correctly granted summary judgment to the lender FCRI and against the borrowers upon their unconditional note and guaranty agreements. We conclude that the trial court was correct, and affirm.

This is hardly more than an action to recover on a note and guaranty agreement. The realty developers as borrowers obligated themselves to repay the borrowed

monies, and now they want to get out of it. *Colodny v. Dominion Mtg. &c. Trust,* 141 Ga. App. 139 (232 SE2d 601) (1977). The borrowers claimed that the lender FCRI wrongfully breached an agreement to lend them more money, and because the lender did not make the second loan the borrowers ought not to have to repay the first loan.

Undisputed is that the borrowers executed the note and guaranty agreements promising to repay the lender up to $5.5 million. They have not denied that the lender paid out $4.8 million under that note and the guaranty agreements, and have not challenged the affidavit of the president of FCRI detailing the amounts owed thereunder. They also admit that the loan matured in one year and that they have not repaid it.

The borrowers argue, however, that there are indeed disputed issues of fact concerning whether (1) the lender caused their default by failing to make a second loan, (2) the borrowers satisfied the preconditions to the second loan, (3) the transaction was one loan in two phases or two separate loans, and (4) the borrowers were fraudulently induced to agree to repay the first loan by mis-representations by the lender that it would make a second loan. These arguments are without merit.

The note and guaranty agreements are clear and unambiguous, contain unconditioned promises to repay the lender FCRI up to $5.5 million, and nowhere refer to a second loan. Parol evidence is not admissible to vary or contradict the unconditioned promise to pay provided in a note or a guaranty agreement. "The cases are legion that a complete and unambiguous instrument cannot be varied or contradicted by reliance upon inconsistent parol statements." *Cooper v. Mercantile Nat. Bank,* 137 Ga. App. 605, 609 (2) (224 SE2d 442) (1976); *Childs v. Mason,* 95 Ga. App. 662 (98 SE2d 379) (1957).

A lender's refusal to make a second loan, or even misrepresentations that it would make a second loan, does not bar the lender from recovery of the amount owed under the first loan. "Failure to fund money or lend to a principal additional sums does not operate to discharge guarantors from liability for the amount which was actually advanced by the lender." *Colodny v. Dominion*

*Mtg. &c. Trust,* 141 Ga. App. 139, 141 (2), supra. This was followed in *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748, 749 (1) (236 SE2d 877) (1977) wherein we held: "There is no merit in Bonner's contention that he was unlawfully misled by Wachovia's promises to make the development loan, even if Wachovia had no intention of making such advances. The general rule is that fraud cannot be predicated upon statements which are promissory in their nature as to future acts. . .[W]e conclude that a promise, even a false promise, to perform an act in the future is not a false pretense or false representation, and does not constitute the basis for an action for fraud."

We find no error for any reason assigned.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED NOVEMBER 28, 1978 — REHEARING DENIED DECEMBER 14, 1978 —

*Smith, Cohen, Ringel, Kohler & Martin, Robert W. Beynart, David K. Whatley,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Frank Mays Hull,* for appellees.