## 57853. NICELY v. BENEFICIAL FINANCE COMPANY OF VALDOSTA.

UNDERWOOD, Judge.

The appellant, Nicely, appeals from an order granting Beneficial Finance Company's motion for summary judgment. Nicely contends here that Beneficial is not licensed to do business in Georgia and that in connection with the subject transaction it violated the Federal Truth-in-Lending Act, the Georgia Industrial Loan Act, the Retail Installment and Home Solicitation Sales Act, the Secondary Security Deed Act, the usury laws and the Fair Business Practices Act. Upon review of the record and these contentions, we find the trial court's grant of the motion for summary judgment to be correct.

In 1977 Nicely obtained a loan from Beneficial in the amount of $7,860 and as security for the loan executed and delivered to Beneficial a security deed on certain real property. After failing to make payments for three months in mid-1978, Nicely was notified through Beneficial's attorneys that foreclosure would follow unless the entire amount due was paid within ten days. The amount due was not paid and Beneficial advertised the property pursuant to power of sale in the security deed. On October 2, 1978, Nicely filed a complaint in equity seeking to enjoin Beneficial's foreclosure and alleging violations of the Federal Truth-in-Lending Act, the Retail Installment and Home Solicitation Sales Act, the Georgia Industrial Loan Act and further contending that the interest rate for the loan exceeded "the lawful rate." The trial court temporarily enjoined Beneficial from proceeding with the foreclosure, but on November 7, 1978 upon findings of fact and conclusions of law issued an order authorizing Beneficial to proceed with, the foreclosure. The court's order recited its conclusions that the action based upon the alleged violations of the Federal Truth-in-Lending Act was barred by that Act's period of limitation and that the loan was not violative of the Georgia Industrial Loan Act or the Retail Installment and Home Solicitation Sales Act.

On the day before the scheduled sale date, Nicely

paid to Beneficial the full amount due on the note. This left the crux of the controversy moot and there remained only general, conclusionary contentions concerning violations of some of the statutes mentioned above. The trial court concluded there remained no issues of fact and granted Beneficial's motion for summary judgment. The appellant has not disclosed to us wherein there was error in the granting of the motion. Her contentions relating to the Secondary Deed Act and the Fair Business Practices Act were not raised below, and cannot be raised for the first time on appeal. *Jones v. Milligan,* 238 Ga. 440 (233 SE2d 202) (1977).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MAY 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*Elsie H. Griner, J. Laddie Boatright,* for appellant.
*J. Stephen Gupton, Jr., Douglas N. Campbell, Sewell K. Loggins,* for appellee.