### 58600. HORNSBY et al. v. FIRST NATIONAL BANK OF ATLANTA.

SMITH, Judge.

Appellants assert that the trial court erred in granting appellee bank's motion for summary judgment on its claim for $36,128.23 (plus interest and expenses of litigation) allegedly due under a guaranty agreement and on appellants' counterclaim. We affirm.

Appellants formed two corporations, Harbor Village, Inc. and Hugo, Inc. The corporations were formed for the purpose of constructing motor inns. Harbor Village was to construct a Ramada Inn. Hugo was to construct a Days Inn. Appellee provided part of the financing for the Ramada Inn.

In September, 1973, appellants received a letter from an employee of appellee bank. The letter states in pertinent part: "Please find enclosed a $20,000.00 demand note which shall serve as a Master Note and authority for advancement of interim funds by us to certain suppliers of furniture, furnishings and for equipment for your company's Ramada Inn, near Eulonia, Georgia. Such furniture, furnishings and equipment to be covered under a certain Lease Agreement to be executed by and between The First National Bank of Atlanta, Lessor, and Harbor Village, Inc. as Lessee.

"The rate of interest for the interim advances under this arrangement shall be 1% per month on the average outstanding balances of such advances. The balance of this note, shall be paid from the proceeds of said Lease, at which time your company shall execute to The First National Bank of Atlanta, a Bill of Sale covering all furnishings acquired by your company from such advances.

"Advances shall be made at the direction of Harbor Village, Inc., directions shall be in writing, and shall include the amount of and to whom such advance are to be made.

"This note shall be guaranteed personally by you, Louise and David Hornsby."

The guaranty signed by appellants covered "all liabilities and indebtedness of the Principal to Bank, now existing or hereafter

coming into existence, however and whenever incurred or evidenced, whether express or implied, direct or indirect, absolute or contingent, or due or to become due, and all renewals and extensions thereof, in whole or in part (herein collectively referred to as the 'Obligations')."

On December 17, 1973, and January 7, 1974, Harbor Village executed two agreements obligating the corporation to 60 monthly lease payments of $5,059.74 and $142.01 respectively to appellee bank for furniture, fixtures, and equipment in the Ramada Inn. Following foreclosure on the Ramada Inn and non-payment of the lease, appellee bank brought this action, alleging that appellants are personally obligated to pay amounts due under the lease agreement by virtue of the guaranty agreement.

Appellants have interposed the following defenses to the complaint: accord and satisfaction, failure of consideration; waiver; and release. Appellants also argue that the guaranty agreement does not apply to the furniture, fixture, and equipment leases.

In their counterclaim, appellants allege that during the construction of the Days Inn by Hugo, Inc., appellee agreed to enter into a furniture, fixture, and equipment lease for the Days Inn and subsequently refused to do so. Appellants contend that "if plaintiff had not reneged on their commitment to Hugo, Inc., defendants could have used their personal money to shore up Harbor Village Inc. and could have saved that motel from foreclosure."

1. Appellants assert that the parties reached an accord and satisfaction when appellants assisted appellee in selling the furniture subsequent to the default on the lease. However, when asked at a deposition "What about talking about you working it out and making up the unpaid lease agreement?" appellant David Hugo Hornsby responded: "There was nothing ever said about me working out anything. All right?" See *Woodstock Road Invest. Properties v. Lacy,* 149 Ga. App. 593 (254 SE2d 910) (1979). Although Hornsby avers in his affidavit in opposition to the motion for summary judgment that an agreement was reached whereby "we would no longer have any obligations to First National Bank of Atlanta if we helped them at that time," such an afterthought does not create an issue of fact for a jury. See *Feltman v. National Bank of Ga.,* 146 Ga. App. 434, 438 (246 SE2d 447) (1978).

2. The guaranty agreement contains the following language: "In consideration of the sum of Five Dollars ($5.00) and other valuable consideration, the receipt and sufficiency is hereby acknowledged . . . " Appellants contend that there was a failure of consideration because appellee failed to provide the furniture,

fixture, and equipment leases for Days Inn. Notwithstanding appellants' contentions, the trial court properly rejected appellants' defense of failure of consideration on the motion for summary judgment.

The recitation of consideration in the guaranty agreement pierced appellants' defense of failure of consideration. See *Broughton v. Joseph Lazarus Co.,* 13 Ga. App. 153 (78 SE 1024) (1913). Appellant has cited nothing in the record to substantiate its claim that the Days Inn furniture lease was part of the consideration for the guaranty agreement.

3. Under the first paragraph of the guaranty, appellants agreed "to pay [appellee] . . . all liabilities and indebtedness of [Harbor Village, Inc.] to [appellee], now existing or hereafter coming into existence, however and whenever incurred or evidenced, whether express or implied, direct or indirect, absolute or contingent, or due or to become due, and all renewals and extensions thereof . . . " Although appellants did not specifically guarantee a furniture lease, they did guarantee "all liabilities" of Harbor Village, Inc. The furniture lease is such a liability.

The statement in the September, 1973 letter that "This note shall be guaranteed personally by you, Louise and David Hornsby" is not inconsistent with the coverage provisions of the guaranty agreement. Presumably, appellants knew the terms of the guaranty agreement when they signed it.

"Where the language is unambiguous and but one reasonable construction of the contract is possible, the court must expound it as made . . . " *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392, 398 (138 SE 787) (1927).

4. The trial court did not err in granting appellees motion for summary judgment on appellants' counterclaim. The case at bar is controlled adversely to appellants by *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748, 749-750 (236 SE2d 877) (1977), wherein this court held: "There is no merit in Bonner's contention that he was unlawfully misled by Wachovia's promises to make the development loan, even if Wachovia had no intention of making such advances. The general rule is that fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *Adamson v. Maddox,* 111 Ga. App. 533, 535 (3) (142 SE2d 313) (1965) . . . Under these circumstances, we conclude that a promise, even a false promise, to perform an act in the future is not a false pretense or false representation, and does not constitute the basis for an action for fraud. *Turpin v. North Am. Acceptance Corp.,* 119 Ga. App. 212, 216 (166 SE2d 588) (1969)." See also *Rizk v. Jones,*

148 Ga. App. 473 (251 SE2d 360) (1978).

5. Appellants contend that appellees refusal to abide by its commitment to provide a furniture lease for Hugo, Inc. entitled appellants to repudiate any obligations under the guaranty agreements. This contention is without merit.

"A lender's refusal to make a second loan, or even misrepresentations that it would make a second loan, does not bar the lender from recovery of the amount owed under the first loan." *Rizk v. Jones,* supra,474. See also *Crider v. First Nat. Bank,* 144 Ga. App. 536, 540 (241 SE2d 638) (1978); *Colodny v. Dominion Mtg. & Realty Trust,* 141 Ga. App. 139, 141 (232 SE2d 601) (1977).

6. Contrary to appellants' assertions, they are not discharged from their guaranty by "increased risk." Appellants cite only two acts which allegedly increased their risk: (1) appellee's refusal to provide the furniture lease for Hugo, Inc. and (2) appellee's taking a deed to secure debt on certain property of Harbor Village, Inc.

"Failure to fund money or lend to a principal additional sums does not operate to discharge guarantors from liability for the amount which was actually advanced by the lender . . . " *Colodny v. Dominion Mtg. & Realty Trust,* supra, at 141. We recognize that Hugo, Inc., the entity to whom appellee allegedly agreed to provide the second furniture lease, is legally separate from Harbor Village, Inc. However, this fact does not aid appellants' position. If "[f]ailure to fund money or lend to a principal additional sums does not operate to discharge guarantors from liability for the amount which was actually advanced by the lender" (*Colodny,* supra, at 141), a fortiori, failure to fund money to a different principal does not discharge the guarantors on the note already made.

Assuming arguendo that appellee's taking of additional security increased appellants' risk, appellants are bound by the following statement contained in the guaranty agreement: "The undersigned hereby consents and agrees that [appellee] may at any time and from time to time, without notice to the Undersigned (or any of them): (a) Retain or obtain a security interest, lien, title or other interest in any property, whether real, personal, mixed, intangible, or choses in action, to secure any of the Obligations or any liability hereunder . . . " See *Colodny,* supra, at 142.

7. Appellants' enumeration of error relating to the defense of waiver of rights under the guaranty agreement is without merit.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED MARCH 12, 1980 — REHEARING DENIED MARCH 27, 1980 —

*Edward E. Boshears,* for appellants.
*Lamar W. Davis, Jr.,* for appellee.