## 61575. McGARR v. BANK OF PINEHURST.

POPE, Judge.

The Bank of Pinehurst (hereinafter Bank) brought this action against appellant Martha W. McGarr to recover the principal, interest and attorney fees under three promissory notes, two of which appellant had signed as guarantor. Appellant brings this appeal from the trial court's grant of the Bank's motion for summary judgment and contends that there remain genuine issues of fact as to her affirmative defenses of failure of consideration, fraud and negligence. Appellant's argument and citation of authority relate only to the two notes she executed as guarantor. She does not dispute the existence of the notes, that they are in default, that she signed the notes as guarantor, or that they are due and payable.

1. As to the issue of lack of consideration, the record shows that appellant's brother, Willie Bob Walters, executed and delivered two promissory notes to the Bank. Part of the collateral for these notes was a $20,000 certificate of deposit. In exchange for the release of this collateral, appellant signed a guaranty of payment agreement on each

of her brother's notes. "There is sufficient consideration to support an agreement to answer for the debt of another, when the creditor is thereby induced by the promisor to relinquish a valuable lien which he had acquired upon the property to secure the original debt." *Bluthenthal & Bickart v. Moore,* 106 Ga. 424 (1) (32 SE 344) (1898); see generally *General Fin. Corp. v. Welborn,* 98 Ga. App. 280 (105 SE2d 386) (1958). Accordingly, there remains no issue of fact as to consideration to be decided.

2. Appellant contends that she was induced to sign the two notes in question by fraudulent misrepresentations made to her by bank officials to the effect that the Bank would participate in a Small Business Administration loan to her brother. This contention "is controlled adversely to [appellant] by *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748, 749-750 (236 SE2d 877) (1977), wherein this court held: 'There is no merit in Bonner's contention that he was unlawfully misled by Wachovia's promises to make the development loan, even if Wachovia had no intention of making such advances. The general rule is that fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *Adamson v. Maddox,* 111 Ga. App. 533, 535 (3) (142 SE2d 313) (1965) . . . Under these circumstances, we conclude that a promise, even a false promise, to perform an act in the future is not a false pretense or false representation, and does not constitute the basis for an action for fraud. *Turpin v. North Am. Acceptance Corp.,* 119 Ga. App. 212, 216 (166 SE2d 588) (1969).' See also *Rizk v. Jones,* 148 Ga. App. 473 (251 SE2d 360) (1978)." *Hornsby v. First Nat. Bank of Atlanta,* 154 Ga. App. 155, 157 (267 SE2d 780) (1980).

Appellant also contends the Bank misrepresented to her that it held sufficient collateral (inventory, fixtures, equipment, etc.) to assure payment of the notes. She further contends that the Bank negligently failed to properly file financing statements in order to protect its interest in this collateral. The language of the agreements in the case at bar is identical to that set forth in *Greene v. Bank of Upson,* 231 Ga. 287 (201 SE2d 463) (1973). In *Greene* the Supreme Court held that by signing the guaranty agreement the appellant had consented in advance to any impairment to the collateral and would not be heard to complain of any impairment thereafter. Accordingly, appellant in the case at bar was not discharged from her obligation by any negligence on the part of the Bank in handling the collateral. *Griswold v. Whetsell,* 157 Ga. App. 800 (278 SE2d 753) (1981). It follows that any misrepresentation made by the Bank regarding the sufficiency of the collateral to cover the amount of the notes does not offer such a defense in this case as would bar recovery by the Bank.

3. Finally, appellant contends that while it is true that this case

was initially based on default in the payment of three promissory notes (one of which appellant had admitted she owes), it has now been shown by subsequent events to be one for a deficiency after the sale of a portion of the collateral held by the Bank. She asserts that genuine issues of fact remain as to whether the Bank was entitled to a "deficiency judgment," whether the sale of that portion of the collateral sold was commercially reasonable, and what disposition, if any, has been made of the remaining collateral. However, since there is nothing in the record which indicates that these issues were addressed by the court below, they may not be raised for the first time on appeal. *Nicely v. Beneficial Fin. Co.,* 151 Ga. App. 110 (258 SE2d 765) (1979); *Phillips v. South Cobb Bank,* 117 Ga. App. 137 (2) (159 SE2d 495) (1968).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 30, 1981.

*C. David Smith,* for appellant.
*John C. Pridgen,* for appellee.