5427.  BOYKIN *v.* FRANKLIN LIFE INSURANCE COMPANY.

WADE, J.  1. "It being undisputed, in the evidence, that the insured re-
tained in his possession the policy of insurance (with a receipt, ac-
knowledging the payment of the first premium, attached thereto), and
made no effort to return the contract of insurance to the insurer, merely
expressing dissatisfaction therewith and inability to pay the note given
for the premium, a verdict for the defendant, in a suit brought by the
insurance company upon a note given for a premium upon the policy,
was contrary to law. The insured can not defeat payment of the pre-
mium upon a policy of insurance, issued at his instance, while he still
retains the contract, the very issuance and delivery of which depend upon
a cross-obligation that the premiums will be paid." *Franklin Life Ins.
Co.* v. *Boykin,* 10 *Ga. App.* 345 (73 S. E. 545). And this is true not-
withstanding the insured sought to countermand the application for in-
surance before the policy was received, where he did finally receive it,
and retained it and still retains it, even though he alleges that his
retention of it was under protest; especially where the evidence further
discloses that he made a partial payment on the note given for the first
premium, after the note became due, and that, some five months after
he had received the policy, he made an effort to borrow money thereon
in order to pay off and discharge the note.

2. Where one signed an application for insurance without reading it, though
he was able and had ample opportunity to read it, and the policy de-
livered to him was exactly as described in the application, he can not

successfully defend an action brought on his note given for the premium thereon, by setting up that the agent who procured his signature to the application made fraudulent representations as to its contents and thereby induced him to sign an application differing from the one he intended to sign. *Shedden* v. *Heard*, 110 ·*Ga.* 461 (35 S. E. 707).

3. The confidential relations between contracting parties which will authorize one of them to neglect the ordinary caution of a prudent man and to rely entirely upon the representations of the other arise only "where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another; or where, from similar relation of mutual confidence, the law requires the utmost good faith; such as partners, principal and agent, etc." Civil Code, § 4627; *Weaver* v. *Roberson*, 134 *Ga.* 149 (67 S. E. 662).

4. The mere facts that one party to a contract had associated with the other party for eight or ten years, that their relations were friendly during that time, that one party was an organizer of the Farmers Union, of which the other was a member, and that the one therefore relied absolutely and implicitly upon the statements of the other, would not justify the party so relying in abandoning proper business caution and negligently signing a plain and unambiguous contract differing from what he intended to sign, and from what the other party represented it to be.

5. Under the ruling made on the former review of this case (10 *Ga. App.* 345), but one verdict could have been legally returned on the evidence adduced at the trial now under review; and hence the trial judge did not err in directing the same.    *Judgment affirmed. Roan, J., absent.*
                    DECIDED JUNE 22, 1914.

Complaint; from city court of LaGrange—Judge Harwell. December 9, 1913.

*Jones & Meadors,* for plaintiff in error.
*E. T. Moon,* contra.