### 16102.   ALSABROOK v. CONTINENTAL TRUST COMPANY.

BELL, J.   1.  In the present suit, in which the plaintiff alleged that the defendant had acted as his broker and agent in the purchase and sale of stocks, bonds, and other securities, and that as a result of transactions between them the defendant became indebted to the plaintiff in a certain sum, which was, with the plaintiff's consent, transferred to another broker when the defendant retired from that line of business, the other broker succeeding the defendant in relations with the plaintiff, and in which suit the plaintiff sought to hold the defendant liable for damage sustained by him in his dealings with the second broker, because of the failure of the defendant to disclose to the plaintiff certain material facts known to the defendant, affecting the solvency and reliability of the second broker, it not appearing that the defendant's relation as broker and agent concerned the matter of selecting the defendant's successor, or extended beyond the purchase and sale of stocks, bonds, and other securities, the petition did not show the violation of any duty owing by the defendant as agent to the plaintiff as principal, in failing to inform the plaintiff of the facts referred to. Nor, under the circumstances stated, did it. appear that the defendant violated any duty to the plaintiff, cognizable in law, where the petition failed to allege further that the plaintiff made inquiry as to the truth, or that the defendant knew that he was ignorant thereof.  Civil Code (1910), §§ 4114, 4410, 4624; *Robinson* v. *Stevens*, 93 *Ga.* 535 (2) (21 S. E. 96); *Foster* v. *Jones*, 78 *Ga.* 150 (1) (1 S. E. 275); *Atlanta Bridge Co.* v. *Merchants National Bank*, 89 *Ga.* 225 (15 S. E. 303); *Comer* v. *Granniss*, 75 *Ga.* 277; 26 C. J. 1069.

2.  If the petition should be construed as an action for fraud and deceit, it was fatally defective for the additional reason that it failed to allege that the plaintiff relied upon the defendant to inform him, and acted upon the defendant's silence and conduct, in assuming relations with the new broker.  *Dickey* v. *Leonard*, 77 *Ga.* 151; *Garbutt Lumber Co.* v. *Walker*, 6 *Ga. App.* 189 (1) (64 S. E. 698); 26 C. J. 1137.

3.  Applying the above rulings, the court did not err in sustaining the general demurrer and dismissing the petition.  This conclusion is not altered by the fact that the petition alleged that the second broker paid a debt which the second broker owed to the defendant, out of funds transferred as stated in paragraph 1 above, the plaintiff not asserting title thereto, but, as to that, claiming only to occupy the relation of creditor, and the action, furthermore, being one for damages and not money had and received.

   *Judgment affirmed.  Jenkins, P. J., and Stephens, J., concur.*

   DECIDED APRIL 11, 1925.

Action for damages; from Fulton superior court—Judge Humphries.  November 19, 1924.

Application for certiorari was denied by the Supreme Court.

*J. K. Jordan,* for plaintiff.

*Bryan & Middlebrooks, Anderson, Rountree & Crenshaw,* for defendant.