42899, 42900.   DYKES v. HAMMOCK; and vice versa.

QUILLIAN, Judge.   1.   The plaintiff filed a petition alleging in part: that the defendant, owner of a used car lot, negligently placed a chain on the pavement in an area where his customers would walk; that as a result of stepping on the chain she fell and sustained certain injuries.  However, on deposition she testified, "Something rolled under my foot is what throwed me."  While she testified she fell in the area where the chain was located neither she nor any other witness testified that she actually stepped on the chain causing her to fall.  It is true, in opposition to a motion for summary judgment, she filed an affidavit which stated she stepped on the chain.  However, if a plaintiff testifies to facts in one instance and also testifies that he does not know them to be true, this neutralizes his testimony and proves nothing. *Hamby v. Hamby,* 99 Ga. App. 808, 820 (110 SE2d 133); *Robertson v. Carroll Furn. Co.,* 54 Ga. App. 841 (189 SE 273); *Wallace v. State,* 55 Ga. App. 872, 875 (192 SE 81). Testimony of a party in his own behalf must be construed most strongly against him, if self-contradictory, vague or equivocal, and without other evidence of a right to recover, he is not entitled to a finding if his testimony, so construed, shows that the verdict should be against him. *Douglas v. Sumner,* 213 Ga. 82, 85 (97 SE2d 122).  A summary judgment is analogous to a directed verdict (*McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178, 179 (129 SE2d 408); *Standard Acc. Ins. Co. v. Ingalls Iron Works Co.,* 109 Ga. App. 574 (136 SE2d 505); *Pike v. Stafford,* 111 Ga. App. 349 (141 SE2d 780)) and if this case had gone to trial, under the above evidence, the defendant would have been entitled to the direction of a verdict.  Under the principles

stated in the above cited authorities, the judge of the superior court did not err in sustaining the defendant's motion for summary judgment. See *Abner v. W. T. Grant Co.*, 110 Ga. App. 592 (139 SE2d 408); *Daniell v. Collins*, 222 Ga. 1, 3 (148 SE2d 295).

2. In view of the ruling in Division 1 of this opinion, the question in the cross appeal as to whether the court erred in overruling the general demurrer to the petition is moot.

*Judgment affirmed on main appeal; cross appeal dismissed. Jordan, P. J., and Deen, J., concur.*

ARGUED JUNE 8, 1967—DECIDED SEPTEMBER 8, 1967—
REHEARING DENIED SEPTEMBER 28, 1967.

*John P. Nixon,* for appellant.

*Martin, Snow, Grant & Napier, Hendley V. Napier,* for appellee.