### 43340, 43341. McKNIGHT v. GUFFIN et al. (two cases).

WHITMAN, Judge. 1. On motion for directed verdict "questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of a jury in solving them, except in plain and indisputable cases." *Peck v. Baker,* 76 Ga. App. 588 (1a) (46 SE2d 751). The question presented to a trial court by a motion for summary judgment is substantially the same as that presented by a motion for directed verdict. *Dykes v. Hammock,* 116 Ga. App. 389 (1) (157 SE2d 524). The essence of both motions is that there is no genuine issue of material fact to be resolved by the trior of the facts, and that the movant is entitled to judgment on the law applicable to the established facts. 6 Moore's Federal Practice 2d, Par. 56.04[2] at page 2066.

2. " 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' 20 RCL 56, § 52. (Emphasis supplied.)" *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 173 (138 SE2d 77).

3. "One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence." *Barrow v. James*, 107 Ga. App. 377, 378 (130 SE2d 352) ; *Code* § 105-603.

4. The facts adduced in the present cases on the hearing of defendants' motions for summary judgment are set forth in the deposition of Mrs. McKnight of date May 25, 1967, and in her later affidavit of date September 20, 1967, and in an affidavit of her husband, Mr. McKnight, of date September 20, 1967. Insofar as there are contradictions in the deposition and affidavit of Mrs. McKnight, the deposition is controlling. *Dykes v. Hammock*, 116 Ga. App. 389, 390, supra. See also *Scott v. Gulf Oil Corp.*, 116 Ga. App. 391 (157 SE2d 526).

The controlling facts as set forth in Mrs. McKnight's deposition show that plaintiff, Mrs. McKnight, was injured when she tripped and fell while traversing a row of stepping stones leading from a parking area to the front entrance of defendants' business offices, she testifying at least seven times that she tripped. It also appeared that plaintiff, having used the stones on a weekly basis for two or three months prior to the incident, was familiar with the existence of the stones and their condition; that plaintiff had on a previous occasion stumped her toe on one of the stones adjacent to a parking area, but not a stone or stones involved in the present case; that there was a solid path running alongside the stones where everybody walked. Mrs. McKnight also testified in her depo-

170

sition: "All I remember, I tripped." Mr. McKnight, the husband, was not present when his wife tripped and fell.

We are of the opinion, even assuming the defendants were in some way negligent with regard to the placement or condition of the stones, that the plaintiff plainly and indisputably had equal knowledge. Under these circumstances it was not error to grant the defendants' motions for summary judgment against the plaintiff's action for injuries, and also against her husband's action for medical expenses and loss of consortium.

5. When plaintiff, Mrs. McKnight, tripped and fell she was on her way as a patient to the office of defendant Wurl, a dentist, for dental services to be performed by him. She was not a patient of defendant Guffin and had no professional relationship with him. Wurl and Guffin were tenants in the same building with separate suites of offices and separate entrances. Plaintiff was not an invitee of Guffin and Guffin owed her no duty as an invitee and was not and is not liable for any injury sustained by her. *Smith v. Inman*, 32 Ga. App. 24 (122 SE 632). Therefore for this additional and primary reason it was not error to grant defendant Guffin's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED JANUARY 8, 1968—DECIDED JULY 12, 1968.

*James O. Goggins,* for appellants.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, Jr., Gerald P. Thurmond, Hurt, Hill & Richardson, James C. Hill, Arnold Wright, Jr.,* for appellees.