45684.   BURNETTE FORD, INC. v. HAYES et al.

ARGUED OCTOBER 5, 1970—DECIDED JUNE 16, 1971.

*Dennis & Fain, Robert E. Corry, Jr.,* for appellant.

*Mitchell & Mitchell, Warren N. Coppedge, Jr., Stafford R. Brooke,* for appellees.

PANNELL, Judge. ▮▮ This court certified to the Supreme Court the following question: "Where a party to a case, upon whom the burden of proof upon the trial of the case does not lie,

makes a motion for summary judgment, is all of the evidence adduced on said motion, including the testimony of the party opposing the motion, construed most strongly against the movant?" and with the question so certified sent to the Supreme Court the following reference: "See in connection with this question the following cases on the burden being upon the movant in a summary judgment and the construction of the evidence and pleadings on summary judgment. Burden of Proof: Moore's Federal Practice,Vol. 6 (2d Ed.), par. 56.15 [3], pp. 2341-2343; *Bagley v. Firestone Tire & Rubber Co.,* 104 Ga. App. 736, 739 (123 SE2d 179); *Cotton States Mut. Ins. Co. v. Martin,* 110 Ga. App. 309 (138 SE2d 433); *Georgia Mut. Ins. Co. v. Morgan,* 115 Ga. App. 520 (154 SE2d 720); *Southern Bell Tel. & Tel. Co. v. Beaver,* 120 Ga. App. 420 (3, 4) (170 SE2d 737); *Brown v. Sheffield,* 121 Ga. App. 383, 388-389 (173 SE2d 891); *Bryant v. Rucker,* 121 Ga. App. 395 (173 SE2d 875). Construction of Evidence: *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (1) (126 SE2d 442); *McCarty v. National Life & Accident Ins. Co.,* 107 Ga. App. 178 (1, 2) (129 SE2d 408); *Malcom v. Malcolm,* 112 Ga. App. 151, 152 (144 SE2d 188); *White v. Morris,* 114 Ga. App. 618, 620 (152 SE2d 417); *King v. Schaeffer,* 115 Ga. App. 344, 345 (2) (154 SE2d 819); *Word v. Henderson,* 220 Ga. 846, 848 (142 SE2d 244). See also *Durrett v. Tunno,* 113 Ga. App. 839, 841 (149 SE2d 826) and *Boatright v. Padgett Motor Sales,* 117 Ga. App. 578, 581 (161 SE2d 402), holding that on motion for summary judgment by a defendant the plaintiff's testimony is to be construed in favor of the plaintiff. And ruling to the contrary: *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524); *Scott v. Gulf Oil Corp.,* 116 Ga. App. 391 (1) (157 SE2d 526); *McKnight v. Guffin,* 118 Ga. App. 168 (4) (162 SE2d 743); *Davis v. Ferrell,* 118 Ga. App. 690, 692 (165 SE2d 313) and *Chandler v. Gately,* 119 Ga. App. 513, 514 (3) (167 SE2d 697) which cites *Lampkin v. Edwards,* 222 Ga. 288 (3, 5) (149 SE2d 708); *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); and *Dykes v. Hammock,* 116 Ga. App. 389, supra, as controlling authority."

The Supreme Court answered the question in the affirmative. Accordingly, anything to the contrary in *Lampkin v. Edwards,* 222 Ga. 288 (3, 5) (149 SE2d 708); *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); *Dykes v. Hammock,* 116 Ga. App. 389

(157 SE2d 524); *Scott v. Gulf Oil Corp.*, 116 Ga. App. 391 (1) (157 SE2d 526); *McKnight v. Guffin,* 118 Ga. App. 168 (4) (162 SE2d 743); *Davis v. Ferrell,* 118 Ga. App. 690, 692 (165 SE2d 313) and *Chandler v. Gately,* 119 Ga. App. 513, 514 (3) (167 SE2d 697), can no longer be considered as binding authority on this court.

Headnote 2 requires no further elaboration. However, we do not deem it inadvisable to state that our holding here is not to be construed as a holding of whether the evidence of the plaintiff on the trial of the case, if it be identical with that in the present case and be construed most strongly against him on the trial, would or would not demand a verdict against him. That question is not before this court at the present time.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*