27616. JORDAN v. AILSTOCK.

ARGUED DECEMBER 11, 1972 —DECIDED JANUARY 4, 1973 — REHEARING DENIED JANUARY 22, 1973.

*William A. Zorn,* for appellant.

*Warren D. Evans, Knox & Evans, Hinton R. Pierce,* for appellee.

MOBLEY, Chief Justice. This appeal by the administrator of the estate of Herman Traube Kennedy is from the denial of a motion for summary judgment.

The trial judge certified the case for immediate review.

Harriet V. Ailstock filed a complaint against the administrator of the estate of Herman Traube Kennedy, which, as amended, alleged: She was the sister-in-law of the deceased. On or about December 20, 1970, and reaffirmed in the middle of February, 1971, the deceased entered into an oral contract with her whereby she was to come to Warrenton and to devote her time solely and exclusively to keeping house for him, taking care of him during his illness, and looking after his general welfare and comfort, so long as he should live. The services to be rendered to him were of such a personal, affectionate, and considerate nature that they could not be readily procured by him elsewhere. On his part he agreed to leave her all of his property, both real and personal, possessed by him at his death. She accepted the terms and conditions of the contract and fully and faithfully performed the contract. The deceased died on March 27, 1971, without leaving a will or other instrument conveying the property to her. She prayed for specific performance of the contract, injunction, and other relief. Temporary injunctive relief was granted.

The administrator filed interrogatories, requiring the plaintiff to set forth specifically the terms of the agreement alleged to have been entered into between her and Dr. Kennedy; when, and where, the contract was entered into, and the name and address of all persons known by the plaintiff to have been present when the contract was entered into, or who have information relevant to the contract. In reply to the interrogatories, the plaintiff stated that the contract was that if she would remain with Dr. Kennedy and care for him for the rest of his life, he would leave all of his estate to her; the date of the contract was on or about December 20, 1970, and reaffirmed in the middle of February, 1971; and the place of the contract was the Kennedy home in Warrenton, Georgia. Luther S. Mills, Mrs. Ellen M. Mills, and James

P. Menier were listed as persons having information on the contract.

The administrator took the depositions of the plaintiff, Luther S. Mills, and Mrs. Ellen M. Mills. James P. Menier was in the Merchant Marines and his whereabouts was unknown.

On the basis of the pleadings, the answers of the plaintiff to interrogatories, the depositions, and the affidavit of the administrator stating the value of the estate, the administrator filed a motion for summary judgment. The trial judge denied this motion.

It is the contention of the administrator that the testimony of the plaintiff on deposition was vague and uncertain in regard to the contract alleged to have been made with Dr. Kennedy, and that her testimony would not support a decree of specific performance. The administrator further contends that the plaintiff's testimony as to transactions with the deceased would not be admissible on a trial, and could not support her action.

While the testimony of the plaintiff as to transactions with the deceased may not be admissible on a trial of the case under Code § 38-1603, the administrator relied on the interrogatories and depositions to support his motion for summary judgment. He cannot rely on this evidence to support his motion and at the same time invoke the rule of inadmissibility of the evidence. *Daniel v. O'Kelley,* 227 Ga. 282, 285 (180 SE2d 707).

In her answers to the interrogatories of the administrator, the plaintiff made definite statements concerning the date, place, and terms of the oral contract. Her testimony on deposition was somewhat indefinite and uncertain as to the terms and date of the contract, and she testified that she had incorrectly stated the place of the reaffirmation of the contract in reply to the interrogatories. Her testimony in regard to the personal services rendered the deceased showed full performance of the contract alleged, and would also support a recovery

on the basis of quantum meruit.

"Where the evidence on a motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion." *Word v. Henderson,* 220 Ga. 846, 848 (142 SE2d 244); *Cooper v. Plott,* 226 Ga. 647 (177 SE2d 82).

The rule construing the evidence most favorably to the party opposing the motion for summary judgment applies to the testimony of that party even though the testimony may be vague and contradictory. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866).

Cases cited by the administrator as to the quantity of proof required to prove an oral contract to make a will in a trial before a jury, are not applicable in the present case. The only question to be decided in considering the administrator's motion for summary judgment is whether there is a genuine issue of fact which should be determined by a jury.

The pleadings, interrogatories, depositions, and affidavit made an issue of fact, and the trial judge did not err in denying the administrator's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*