## 51845. VENABLE et al. v. PAYNE.

EVANS, Judge.

Maxine's, Inc., a corporation engaged in the interior design business, was sold by its shareholders to another. Considerable sums had been borrowed by the corporation from Granville Payne. Maxine Venable and Warren Venable, two of the officers of the corporation, ostensibly executed a note to Payne which was a part of the transfer of the corporation.

Granville Payne thereafter sued Maxine and Warren Venable on a note in the principal sum of $8,500. The defendants answered and admitted executing a document relating to the transfer of the corporation but denied executing the promissory note sued on. They also filed defenses of no consideration and that there had been a material alteration of the document they signed. After discovery, plaintiff moved for summary judgment and the same was granted. Defendants appeal. *Held:*

1. Defendants contend that they have produced a valid defense of fraud and that their allegation of fraud has not been pierced by the pleadings and the evidence. The only averment as to fraud in the answer is that there had been a material alteration of the document they signed relating to the plaintiff. No denial of the instrument as executed has been made by them *under oath.* In answer to interrogatories, the plaintiff swore that the instrument attached to the complaint and to the interrogatory was a full, true and correct copy of the

contract signed by the defendants. This was positive evidence that there was no alteration in the instrument sued on.

2. The new Civil Practice Act permits very loose and general pleadings as to most actions and defenses, but *fraud* is one of the exceptions, and must be pleaded in detail, showing just what the fraud consisted of. See Code Ann. § 81A-109 (b).

3. He who can read must read. *Reserve Life Ins. Co. v. Chalker,* 127 Ga. App. 565 (2) (194 SE2d 290). Thus one who executes and delivers a promissory note who does not read or know its contents cannot avoid liability thereon because he acted ignorantly without showing some justification for his ignorance either by inability to read or some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing. See *Radcliffe v. Biles,* 94 Ga. 480 (2) (20 SE 359); *Truitt-Silvey Hat Co. v. Callaway & Truitt,* 130 Ga. 637 (2) (61 SE 481).

4. The evidence of the defendants on summary judgment is that they did not read the instrument and relied on information given them by the plaintiff and his attorney. This testimony is insufficient to show any fraud on the part of the plaintiff. There was no fiduciary relationship between plaintiff and defendants and they dealt with each other at arm's length. *Boykin v. Franklin Life Ins. Co.,* 14 Ga. App. 666, 667 (3) (82 SE 60).

5. Defendants also contend that they thought they were signing the instrument for the corporation. Consideration for a note may flow to a person other than the maker. See *National City Bank of Rome v. Whittier,* 41 Ga. App. 221 (1) (152 SE 305); *Brazell v. Hearn,* 33 Ga. App. 490 (1) (127 SE 479).

6. There was testimony that the note was signed to liquidate the indebtedness owed to plaintiff by the corporation and that the defendants freely and voluntarily executed said note and returned it to the plaintiff. The answer of the defendants, in which they contended there was a failure of consideration and alteration of the note, has been pierced by the evidence submitted which is not contradicted. A finding of summary judgment in plaintiff's favor was authorized.

*Judgment affirmed. Pannell, P. J., and Marshall, J., concur.*

Argued March 1, 1976 — Decided March 12, 1976 — Rehearing denied March 25, 1976 — 

*Nall, Miller & Cadenhead, David G. Crockett,* for appellants.
*Rice & Hardy, Max B. Hardy, Jr., Leon L. Rice, III,* for appellee.