### 52561. FOSTER & COOPER, INC. v. FLOWER CART OF ATLANTA, INC. et al.

McMURRAY, Judge.

This case involves a suit for improvements and repairs made by the plaintiff to improve the premises of one defendant, a Georgia corporation, allegedly upon a contract made by the nonresident individual and the defendant corporation.

The nonresident defendant was served under the long arm statute. He answered and denied the claim and moved to dismiss for lack of jurisdiction of his person, contending that the defendant corporation alone had contracted with the defendant, that he was only the agent of the defendant corporation and the improvements made for the defendant corporation were not made pursuant to any contract he had with the plaintiff. The defendant corporation likewise admitted that the contract for improvements was made solely by it, and the nonresident defendant never contracted with the plaintiff.

The nonresident defendant also filed a motion for summary judgment and the plaintiff moved for judgment on the pleadings in the nature of a summary judgment.

The court granted the nonresident's motion to dismiss and motion for summary judgment. Counsel for defendant corporation having consented thereto, a judgment was entered in favor of the plaintiff against the corporate defendant. Plaintiff appeals the granting of the nonresident's motion to dismiss and motion for summary judgment. *Held:*

Despite the considerable testimony showing that the work was performed by the plaintiff on the leased space of the defendant corporation, plaintiff's project manager testified that the work was actually performed and agreed

upon with the nonresident defendant and that the invoice was made to him and that at all times relevant plaintiff was dealing with this defendant, "in his capacity as an individual and not as an agent of any other entity." He also testified that defendant never informed the deponent that the work was to be performed for the defendant corporation, plaintiff had no contract with the defendant corporation, and the agreement to perform the work was between plaintiff and the nonresident defendant. Construing the testimony most strongly in favor of the one opposing the motion for summary judgment as must be the case, the evidence is conflicting, and the lower court erred in granting motion for summary judgment. Further, the testimony is insufficient to show in any wise that the nonresident defendant is not subject to the jurisdiction of the Georgia court. *State Farm Mut. Auto Ins. Co. v. Wendler*, 117 Ga. App. 227, 232 (160 SE2d 256); *Burnette Ford, Inc. v. Hayes*, 124 Ga. App. 65 (1) (183 SE2d 78).

*Judgment reversed. Marshall and Smith, JJ., concur.*

ARGUED SEPTEMBER 7, 1976 — DECIDED SEPTEMBER 29, 1976.

*Swift, Currie, McGhee & Hiers, J. Alexander Porter,* for appellant.

*Lipshutz, Zusmann, Sikes, Pritchard & Cohen, Charles M. Amory, Kenneth Gross, H. William Cohen,* for appellees.