53949. BROOKS et al. v. NATIONAL CITY BANK OF ROME, GEORGIA.

BANKE, Judge.

The National City Bank of Rome, Ga., sued Mr. and Mrs. Brooks for $3,000, alleging that they had overdrawn their joint savings account by that amount and had refused to repay it. The Brookses denied this and counterclaimed for past due interest, damages for injured feelings, and punitive damages. A jury returned a verdict for the bank, and the appellants appeal the denial of their motion for new trial.

1. The verdict was supported by the evidence. The appellants contended that they had made a $4,000 deposit to the account which the bank had erroneously treated as a $1,000 deposit and that they had not withdrawn any money to which they were not entitled. The bank presented its records showing a $3,000 overdraw and rebutted the evidence of the $4,000 deposit. Thus, a clear factual conflict was presented for resolution by the jury. Accordingly, it was not error to overrule the motion for new trial based on the general grounds, nor was it error to deny the appellants' motion for directed verdict.

2. The appellants' contention that the trial court erred in allowing the bank to introduce a deposit slip showing a $1,000 deposit when Mrs. Brooks testified that the deposit was actually $4,000 is also without merit. The deposit slip was properly admitted as a business record under Code Ann. § 38-711 (Ga. L. 1952, p. 177). The

dispute over its accuracy affected only the weight to be given it by the jury, not its admissibility. *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376, 379 (100 SE2d 142) (1957).

3. Mrs. Brooks contends that even if an overdraft did exist, the evidence shows it was created solely by a withdrawal made by Mr. Brooks, an action for which she cannot be held liable. However, the account was clearly shown to be a joint account, and the cashier's check which the bank gave Mr. Brooks for the amount of this withdrawal was endorsed by Mrs. Brooks and deposited by her in accounts with other banks. Her joint liability for the overdraft was accordingly established, and it was not error to overrule her individual motion for directed verdict.

4. No error appears in the court's charge for any reason assigned. Any mistaken impression which the court may have given that an award of attorney fees was authorized was harmless since none was awarded. See generally *Corbin v. State,* 212 Ga. 231, 233-234 (9) (91 SE2d 764) (1956). The charge on impeachment was authorized by the evidence.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED MAY 10, 1977 — DECIDED MAY 20, 1977 — REHEARING DENIED JUNE 7, 1977.

*E. B. Shaw,* for appellants.
*Driebe & Lawson, Charles J. Driebe,* for appellee.