## 55834. FELTMAN v. NATIONAL BANK OF GEORGIA.

BIRDSONG, Judge.

Appellant Feltman appeals the grant of summary judgment to the appellee, National Bank of Georgia. The facts show that Ms. Feltman was endowed with a substantial personal financial estate. She was enamored of, and later married to, Mr. Feltman. Prior to her marriage to Mr. Feltman, the appellant agreed to support some of his financial endeavors and in pursuance thereof, co-signed a note in the amount of $100,000. She also purchased a certificate of deposit in the amount of $100,000. These transactions were with the First

National Bank of Tucker. The record shows that this money was used in whole or in part to purchase speculative real estate in Athens, Georgia. The property was placed in the names of Mr. and Ms. Feltman. Subsequently, the note was renewed several times, and each renewal was signed by both Mr. and Ms. Feltman. Mr. and Ms. Feltman also obtained a $30,000 loan from the Tucker bank, a substantial part of which was used to improve the home owned by Ms. Feltman. This note was renewed several times. Mr. Feltman also personally obtained a $35,000 loan. The Tucker bank refused to renew Mr. Feltman's $35,000 note without a substantial reduction of the principal unless Ms. Feltman signed as co-maker. As a result Ms. Feltman signed a new note for $135,000 plus interest, consolidating the $100,000 and the $35,000 notes. These notes plus the $30,000 note came into default and the National Bank of Georgia, which had purchased the Tucker bank and succeeded to certain of its assets, made demand upon Ms. Feltman as co-maker to honor the indebtedness. When the note was not paid, NBG informed Ms. Feltman that the $100,000 certificate of deposit would be applied to the indebtedness and that Ms. Feltman would be responsible for any deficiency.

At this point Ms. Feltman brought an action against NBG seeking a return of her $100,000 certificate of deposit and alleging that her husband was a principal obligor. Subsequently, Ms. Feltman added a second count alleging that NBG had conspired with her husband to defraud her of her separate estate. The basis of this count was that she was an accommodation maker only and that the bank (either the Tucker bank or NBG, or both) owed her a fiduciary duty to disclose that her husband was believed by the banks to be either dishonest or a bad credit risk or both and that the only reason the banks advanced credit to Mr. Feltman was because of her financial responsibility, facts of which Ms. Feltman claimed ignorance. Ms. Feltman also sought to have her then estranged husband added as a necessary party defendant. The trial court denied the motion to add Mr. Feltman and granted summary judgment to NBG. It is from these rulings that Ms. Feltman appeals, enumerating six alleged errors. The first five of these enumerations in

effect complain that the trial court should have submitted to a jury the question whether a conspiracy existed between the banks and Feltman manifested by the fact that the banks failed to disclose to her that her husband was a bad credit risk, probably dishonest and that the banks were relying on her personal financial responsibility as the basis for the extension of credit to her husband. The last enumeration complains of the refusal to add Mr. Feltman as a party defendant. *Held:*

1. Appellant argues that the indebtedness upon which NBG sought recovery was for the benefit of her husband and though she signed the notes, it was as an accommodation maker without consideration to her. The facts belie this contention. The property purchased in Athens from the $100,000 note was placed in her name as well as that of her husband. The $30,000 note furnished money used to enhance her personal residence. Ms. Feltman knew at the time she signed the notes that the money was to be used for those purposes. At the time Ms. Feltman signed the $135,000 note it was explained that her signature would work a forebearance of payment of the principal on the $100,000 and $35,000 notes, then due.

Appellant is precluded from arguing lack of consideration as to the $100,000 and the $30,000 notes in view of the repeated renewals thereof by herself. *Mercantile Nat. Bank v. Berger,* 129 Ga. App. 707, 709 (3) (200 SE2d 921); *Gen. Tire &c. Co. v. Solomon,* 124 Ga. App. 308 (1) (183 SE2d 573); *Waterman v. Howard Paper Co.,* 124 Ga. App. 511 (1) (184 SE2d 226). Moreover, where two parties execute a note as comakers, one of such comakers is not allowed to plead failure of consideration because he did not receive the money named on the face of the note. If either of them received the money, both are bound. *Mercantile Nat. Bank v. Berger,* supra, p. 709.

2. In Enumerations 2 through 5, appellant in effect urges that the court erred in granting summary judgment where there were contested factual issues that the bank and Mr. Feltman allegedly conspired to defraud Ms. Feltman of her separate estate by leading her to believe that Mr. Feltman was a good credit risk, and of good and honorable character and reputation when in fact the bank

knew to the contrary and failed or refused to inform her of the true financial condition of her husband or that the bank was relying on her credit and resources to extend credit to her husband.

This argument must fail. Appellant has urged that a fiduciary relationship existed between herself and NBG or the Tucker bank. As indicated in Division 1, the evidence showed that Ms. Feltman individually signed each of the notes along with her husband as a comaker. Thus she was an original obligor and not an accommodation maker. She received value for the money advanced to her husband and acknowledged that she knew that money was expended to purchase land of which she became part owner and to enhance her private residence. She has not shown that she was unable to read or acquaint herself with the contents of the notes which she signed or that she was precluded from reading those notes by the allegedly fraudulent actions of the banks. One having the capacity and opportunity to read a written contract and who signs it, not under any emergency, or whose signature is not obtained by trick or artifice of the other party, cannot afterward set up fraud in the procurement of his signature to the instrument. *Maxey-Bosshardt Lumber Co. v. Maxwell,* 127 Ga. App. 429, 432 (193 SE2d 885). Nevertheless, Ms. Feltman urges that because of a fiduciary relationship between herself and the bank, she was entitled to rely on the bank without question. However, she has not shown the existence of any such confidential relationship either by contract or by operation of law. In fact, the law places upon her a duty to investigate the true financial condition of her husband where she in effect was his financial partner in dealings with the banks. *Scott v. Fulton Nat. Bank,* 92 Ga. App. 741 (89 SE2d 892). See *Alsabrook v. Continental Trust Co.,* 33 Ga. App. 664 (127 SE 661); *Cole v. Cates,* 113 Ga. App. 540 (149 SE2d 165). The mere fact Ms. Feltman alleged that she placed special trust and confidence in the bank does not create a confidential relationship. *Dover v. Burns,* 186 Ga. 19 (196 SE 785); *Boykin v. Franklin Life Ins. Co.,* 14 Ga. App. 666 (82 SE 60).

Moreover, the record shows by the depositions of officers of the bank who dealt with Mr. and Ms. Feltman,

as well as the deposition of Ms. Feltman herself, that little or no discussions occurred between the bank and Ms. Feltman concerning Mr. Feltman's financial standing. The only allegation that the bank misled her, was in an affidavit offered by Ms. Feltman in support of her pleadings. Thus, Ms. Feltman's deposition and her affidavit were in serious conflict. In such circumstances, we will adopt as her testimony that version of the matter most unfavorable to her. A party testifying in his own favor has no right to be deliberately self-contradictory; and if he is so, the courts are fully justified in taking the testimony in its most unfavorable light. Such a rule is properly utilized in the sustaining and denial of summary judgments. *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697). Under the facts presented to the trial court, the court did not err in concluding there were no conflicts of fact which required resolution by a jury. Ms. Feltman admitted the notes, her signature, and that the notes were past due. She failed to establish the existence of any fiduciary duty toward her by the appellee bank or its predecessor, the Tucker bank. Under these facts, the trial court did not err in granting summary judgment. See *Robi v. Goldstein,* 100 Ga. App. 606 (112 SE2d 165).

3. In her final enumeration of error, appellant complains that the court erred in refusing to join Mr. Feltman as a necessary party to the alleged conspiracy. For the reasons stated in the preceding divisions of this opinion, Ms. Feltman did not show any obligation on the part of appellee, NBG or its predecessor, the Tucker bank, to treat her in any way other than at arm's length. In the absence of any obligation by the bank to disclose to her the financial insecurity of her husband, Ms. Feltman has created no issue of fact as to the possible existence of a conspiracy. There being no issue of fact of conspiracy, it follows that Mr. Feltman was not an indispensable party as to Count 2 which was based exclusively on such a predicate. We conclude that the trial court did not err in refusing to add Mr. Feltman as a party defendant to the cause of action.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED MAY 15, 1978 — DECIDED JUNE 27, 1978.

*Alex D. McLennan, Alex McLennan, Jr.,* for appellant.

*Schwall & Heuett, Donald J. Goodman,* for appellee.