## 58004. COMBS v. ADAIR MORTGAGE COMPANY.

SOGNIER, Judge.

This is an appeal from a grant of summary judgment in favor of the defendant-lender, Adair, and against the plaintiff-borrower and homeowner, Mrs. Combs, who sued for damages based upon Adair's alleged negligence in failing to effect a transfer to her of the prior homeowner's fire insurance on her assumption of the mortgage loan. After the fire loss the insurance company (not a party) denied that it provided insurance coverage and the instant suit was filed against Adair on the theory that it had undertaken the duty as her agent to keep her interests insured. See, e. g., cases cited in *Sutker v. Pennsylvania Ins. Co.,* 115 Ga. App. 648, 651-52 (155 SE2d 694) (1967).

Adair moved for summary judgment based upon statements in Mrs. Combs' deposition, which Adair construed to mean that Combs had relied on assurances of the prior owner as to continuous coverage, rather than representations by Adair that it was either going to procure or had procured insurance. Adair interpreted this to show a lack of reliance by Combs on any representations or undertakings of Adair in this regard. Mrs. Combs then filed an affidavit asserting that she notified Adair of the loan assumption; that Adair had informed her that it would notify the insurance company of the change of ownership and have the insurance transferred into her name; that she had made monthly escrow deposits with Adair and relied, to her detriment, on Adair's representations that it would keep her interests insured; that neither she nor the prior owner ever received any notice of intention to cancel the fire insurance policy, nor notice of cancellation of the policy or return of any unearned premium; and that all personal papers and records which would tend to reinforce her contentions had been destroyed in the house fire. Attached as exhibits to this affidavit, however, was correspondence from Adair to Mrs. Combs, apparently obtained during discovery, which indicated that Adair had undertaken to obtain insurance coverage in her behalf. In response to this affidavit and attachments Adair contended that it was an attempt by Mrs. Combs to create a question of fact by directly contradicting her previous sworn deposition testimony and for that reason, should be taken in its most unfavorable light under authority of *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502 (1a) (249 SE2d 214) (1978). The trial court agreed.

On appeal, Mrs. Combs argued that *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866) (1971), rather than *Chambers,* was controlling. In *Burnette* the Supreme Court, in answer to a question

certified to it by this court, established the rule that where a party to a case not having the burden of proof on trial of the case makes a motion for summary judgment, all evidence adduced on the motion, including the testimony of the party opposing the motion, is construed most strongly against the movant.

In *Chambers* it was held: " '(A) party testifying in his own favor has no right to be intentionally or deliberately self-contradictory; if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him.' *W. & A. R. Co. v. Evans,* 96 Ga. 481, 486 (23 SE 494) (1894). 'This is a substantial, fundamental rule of evidence which has been followed consistently by all courts of this State. It has been utilized by the Supreme Court and by (the Court of Appeals) in . . . the sustaining and denial of motions for summary judgment [Cits.].' *Chandler v. Gately,* 119 Ga. App. 513, 520 (167 SE2d 697) (1969)." *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502, supra. See also *Feltman v. Nat. Bank of Ga.,* 146 Ga. App. 434, 438 (2) (246 SE2d 447) (1978).

The rules established in *Burnette* and *Chambers* appearing to be in conflict under the facts here, we certified to the Supreme Court the question whether *Burnette* was still in effect, or should *Chambers* be applied. That court held: "On the surface it might appear that [in *Chambers*] the court was construing the evidence of the respondent more strictly than that of the movant and therefore contradicting the holding in *Burnette.* A closer examination of the facts in the two cases reveals this not to have been the case.

"In *Chambers,* the respondent to the motion for summary judgment personally gave conflicting evidence. The court simply held that where there is such a conflict, and where the conflict is found to be intentionally and deliberately created, the court will adopt the version most unfavorable to the testifying party. The court then found that upon accepting the most unfavorable version, there was no genuine issue of material fact and therefore the motion for summary judgment should be granted.

"The holding in *Chambers* does not lighten the burden upon the movant for a summary judgment nor does it add any additional weight to the burden upon the responding party. *Chambers* simply reiterates the long recognized and established rule that any party testifying in his own behalf is held to a strict standard of candor and responsibility for his own statements and has no right to be intentionally or deliberately self-contradictory. The effect of the *Chambers* holding is that if a party testifying in his own behalf intentionally or deliberately contradicts himself, the more favorable portion of the contradictory testimony shall be treated as though it did not exist.

"Therefore, we answer the question certified by saying that this court continues to adhere to the rule enunciated in *Burnette Ford, Inc. v. Hayes, supra,* and views the holding in *Chambers v. Citizens & Southern National Bank, supra,* as one which came about as a result of factual differences." *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226) (1980).

A review of the evidence of record reveals that there was no indication that Mrs. Combs intentionally or deliberately created a conflict in her testimony as did the party responding to the motion for summary judgment in *Chambers.* Indeed, to the contrary, Mrs. Combs appears to be a naive person, unlearned in business transactions, and her testimony does not indicate an attempt to confuse or mislead the court; rather, it merely shows confusion on her own part. Construed most strongly in her favor and against the movant-defendant, Adair, it may be understood from her deposition that Mrs. Combs relied upon Adair to act in her behalf or to advise her of any actions she must take to transfer the property, loan and insurance to her name. "It is therefore immaterial that there are inconsistencies between the affidavit and deposition of the plaintiff. That part of [her] testimony most favorable to [her] position will be taken as true on motion for summary judgment made by the defendant . . ." *Browder v. Aetna Life Ins. Co.,* 126 Ga. App. 140, 141 (190 SE2d 110) (1972). Accord, *Jordan v. Ailstock,* 230 Ga. 67, 70 (195 SE2d 425) (1973). Applying the *Burnette* rule and giving credit to Mrs. Combs' later affidavit, it is clear that summary judgment was improperly granted. Accord, *Brooks v. Douglas,* 154 Ga. App. 54 (2) (267 SE2d 495) (1980).

*Judgment reversed. Deen, C. J., concurs. Birdsong, J., concurs specially.*

ARGUED JUNE 14, 1980 — DECIDED JULY 7, 1980 —
REHEARING DENIED JULY 28, 1980.

*Nancy M. Hunt, Richard L. Shackelford,* for appellant.
*Robert L. Pennington, Frederick E. Link, Sam Lowe, III, Sam Lowe, Jr.,* for appellee.

BIRDSONG, Judge, concurring specially.

I concur with my brothers; however, the decision of the Supreme Court in responding to our certified question poses a troublesome question.

The Supreme Court in *Combs v. Adair Mortgage Co.,* 245 Ga. 296 (264 SE2d 226), citing *Chambers v. Citizens &c. Nat. Bank,* 242

Ga. 498, 502 (249 SE2d 214) and *Western &c. R. Co. v. Evans,* 96 Ga. 481, 486 (23 SE 494) stated at p. 296: " 'A party testifying in his own behalf has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him.' " Where did such statement as quoted by the Supreme Court in *Combs v. Adair Mortgage Co.,* supra, have its genesis?

In *Western &c. R. Co. v. Evans,* supra, the Supreme Court in stating its *ratio decindi* in its headnote did not include the words "intentional" or "deliberate." The headnote as it appears states the generally accepted rule and it is quoted herein verbatim: "The testimony of the plaintiff, who was the sole witness in his own behalf as to circumstances under which he was injured, making at best a very weak and doubtful case, it being as a whole utterly inconsistent with itself and self-contradictory as to the most vitally important facts, and one version of it showing clearly that he was not entitled to recover, and the defendant's evidence, which was perfectly consistent with this version, establishing a complete defense, the verdict in the plaintiff's favor was unwarranted, and the ends of justice require a new trial."

On the last page of the *Evans* decision, the following appears, "But a party testifying in his own favor has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him." *Evans,* supra, p. 486. In my opinion, the use of the words "intentionally or deliberately" are unnecessary and constitute dicta.

Originating from these few words in the *Evans* case we apparently have developed two somewhat parallel but inconsistent legal theories stated as: (1) "[T]he testimony of a party offering himself as a witness in his own behalf is to be construed most strongly against him when it is contradictory, vague, or equivocal." *Ryder v. Schreeder,* 224 Ga. 382, 386 (162 SE2d 375); *Lampkin v. Edwards,* 222 Ga. 288, 290 (149 SE2d 708); *Applegarth Supply Co. v. Schaffer,* 130 Ga. App. 353, 356 (203 SE2d 277); *Haley v. State Farm Mut. Auto. Ins. Co.,* 130 Ga. App. 258 (202 SE2d 838); *Johnson v. Curenton,* 127 Ga. App. 687, 690 (195 SE2d 279); *Phoenix Ins. Co. v. Bentley,* 126 Ga. App. 857, 864 (191 SE2d 887); *Fuels, Inc. v. Rutland,* 123 Ga. App. 23, 26 (179 SE2d 290); *McKnight v. Guffin,* 118 Ga. App. 168 (162 SE2d 743); *Dykes v. Hammock,* 116 Ga. App. 389 (157 SE2d 524). All of the above cited cases cite *Evans,* supra but conspicuously omit the references to intentional and deliberate. (2) In the other line, " '(A) party testifying in his own favor has no right to be

intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him.' " *Chambers v. Citizens &c. Nat. Bank,* 242 Ga. 498, 502 (249 SE2d 214); *Feltman v. National Bank of Ga.,* 146 Ga. App. 434, 438 (246 SE2d 447); *Chandler v. Gately,* 119 Ga. App. 513, 520 (167 SE2d 697). The above three cases simply quote *Evans,* supra, by rote. A reading of these two lines of cases elicits the following question: Must the party's self-contradictory, vague or equivocal statement be intentional and deliberate before the statement can be used against him? I think not. A statement that is vague, self-contradictory, or equivocal remains vague, self-contradictory, or equivocal whether or not made intentionally or deliberately. Like an admission, it may be explained but it remains. Thus, a court may take the statement in its most unfavorable light without weighing whether it was intentionally or deliberately made. Whether or not a statement is made deliberately or intentionally is a question of fact. Juries decide questions of fact. The inclusion of the question of whether a statement is deliberate or intentional would preclude the use of summary judgment.

The majority of cases by this court and the Supreme Court hold that self-contradictory, vague and equivocal statements, regardless of whether they are intentional or deliberate, should be construed most strongly against the party making them. This is the rule that I believe should be applied in summary judgment cases.