## 63426. THURMOND v. GEORGIA RAILROAD BANK & TRUST COMPANY et al.
## 63427. GEORGIA RAILROAD BANK & TRUST COMPANY v. THURMOND.

BANKE, Judge.

Cornelius Thurmond began this action by filing a complaint for declaratory judgment against Augusta Finance Company, several co-guarantors, and Georgia Railroad Bank and Trust Company, to contest his liability as a guarantor on a debt owed by Augusta Finance Company to the bank. The bank filed a counterclaim against Thurmond and cross claims against Taylor, a co-guarantor, and against the debtor, Augusta Finance Company, to recover the guaranteed debt. The trial court dismissed the declaratory judgment complaint, and granted summary judgment to the bank on the cross claims against Taylor and Augusta Finance. The bank's counterclaim against Thurmond was tried before a jury and resulted in a directed verdict for the bank. The trial court granted Thurmond's motion for new trial. At the conclusion of Thurmond's evidence in the second trial, the trial court again directed a verdict for the bank as to liability. The jury then awarded the bank $94,627.01 in principal and $8,262.70 interest. Thurmond again moved for a new trial and judgment notwithstanding the verdict. The trial court denied these motions. In its order, however, the trial court reduced the jury's verdict by $19,129.22 upon its determination that attorney fees had been erroneously awarded to the bank in its earlier judgment against co-guarantor Taylor. Case No. 63426 is Thurmond's appeal. Case No. 63427 is the bank's cross appeal, enumerating as error the denial of its motion for summary judgment, as well as the reduction of its verdict against Thurmond.

The undisputed facts show that Thurmond, a practicing attorney with experience representing finance companies, formed Augusta Finance with Taylor and Paul Bowers, each owning equal shares of the corporation. Taylor was designated as president and Thurmond as vice-president and treasurer. In April 1965, shortly after the corporation was chartered, Thurmond and the other two shareholders entered into a guaranty agreement with the bank to induce an extension of credit to Augusta Finance. By its terms, the

indebtedness covered by the guaranty was to "include all obligations of the principal to the bank of every kind and character now existing or which may hereafter come into existence, and any renewals or extensions thereof . . ."

Subsequently, in April 1966, the bank entered into a loan agreement with Augusta Finance Company, which was amended in June 1967. As amended, the agreement called for the bank to lend Augusta Finance Company not more than $200,000. The amended loan agreement was signed by all three shareholders of Augusta Finance Company in their capacity as corporate officers. The agreement required that the finance company have on deposit in a reserve account with the bank an amount equal to 20 percent of the principal amount owed and that it assign as collateral certain of its accounts receivable not more than 65 days past due. It also provided that the total debt would not exceed 83.33 percent of the accounts receivable assigned to the bank. Thurmond presented evidence to show that the Finance company borrowed in excess of both the $200,000 and the 83.33 percent figure. He also presented evidence to show that some of the receivables assigned to the bank were ineligible as collateral because they were more than 65 days past due. *Held:*

1. Thurmond contends on appeal, as he did throughout both trials, that the bank's failure to adhere to the terms of the loan agreement increased his risk under the guaranty agreement and therefore created a defense to his liability thereunder. However, this argument ignores the fact that Thurmond was not a party to the loan agreement, and that the terms referred to were intended to protect the creditor. Furthermore, pretermitting those questions, the trial court correctly concluded that the general waiver provisions in the guaranty agreement preclude the defenses asserted. In pertinent part the guaranty provides that the "guarantor waives any notice which may be required relative to the acceptance of this guaranty, the creation, extension or renewal of any obligation or indebtedness of the principal and the acceleration of the maturity of any indebtedness hereby guaranteed . . . The guarantor expressly authorizes the bank to deal in any manner with any obligation or indebtedness . . . and the collateral and security of every kind and character given to secure the payment thereof, and without limiting the generality hereof, the bank is expressly authorized to waive any rights which it may have relative to requiring . . . or surrendering or . . . releasing collateral . . . or substituting collateral . . . nor shall the obligations of the guarantor hereunder, nor the rights of the bank protected hereby be diminished . . . or affected . . . by the failure of the bank to exercise its rights with reference to such collateral. . ."

A party may consent in advance to the conduct of future transactions and will not be heard to "claim his own discharge" upon the occurrence of that conduct. See *Reeves v. Hunnicutt,* 119 Ga. App. 806, 807 (168 SE2d 663) (1969); also *McGarr v. Bank of Pinehurst,* 159 Ga. App. 116 (282 SE2d 739) (1981); *Mercantile Nat. Bank v. Berger,* 129 Ga. App. 707 (200 SE2d 921) (1973), affirmed, 231 Ga. 680 (203 SE2d 479) (1974). The loan agreement and the obligations flowing from it represent the very kind of credit Thurmond and the other guarantors were seeking when they signed the guaranty. Since deviations from the loan agreement complained of by Thurmond were waivers by the bank of terms instituted for its protection, and since Thurmond consented in advance to such conduct, he may not now complain.

2. Thurmond also contends that his discharge is required because the bank materially altered notes in its possession. The alterations in question involve notations on the percentage of interest to be charged on certain demand notes. Augusta Finance Company was made aware of the changes and in fact paid interest at the higher rate. The possibility of such changes was contemplated and provided for in the guaranty agreement, and no notice to Thurmond was necessary.

3. In a number of other enumerations of error, Thurmond complains of various other transactions and dealings between the bank and his principal, which he characterizes as fraudulent. The dealings are either similar or the same as those discussed in Division 1. They concern the value of the collateral, the status of the reserve account and other day-to-day dealings between the Finance Company and the bank. Like the trial court, we find no evidence of fraud, nor do we find any duty on the part of the bank to disclose to Thurmond these day-to-day transactions. Thurmond was vice-president, treasurer and attorney for Augusta Finance Company, and it was incumbent upon him to know the dealings of the corporation. Cf. *Feltman v. National Bk. of Ga.,* 146 Ga. App. 434 (2) (246 SE2d 447) (1978).

4. Admission of a demand letter concerning attorney's fees and a charge on that issue must be considered harmless in view of the fact that the jury awarded no attorney's fees. See *Brooks v. National City Bk.,* 142 Ga. App. 492 (236 SE2d 132) (1977).

5. Thurmond's contention that the bank was required to prove that it was licensed as a condition precedent to recovery is without merit. Such a requirement exists for finance companies, employment agencies, convalescent homes, and others. See *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899) (1973). However, there is no such requirement for a banking corporation chartered under the laws

of this state.

6. We have considered the additional enumerations of error in case No. 63426 and find them to be without merit.

7. The bank's contention that the trial court erred in denying its motion for summary judgment is now moot. "After verdict and judgment, it is too late to review a judgment denying a summary judgment for that judgment becomes moot when the court reviews the evidence upon the trial of the case." *Phillips v. Abel,* 141 Ga. App. 291 (1) (233 SE2d 384) (1977).

8. In its earlier summary judgment against co-guarantor Taylor, the bank obtained a judgment which included an amount designated as attorney's fees. That order was entered on March 14, 1977. The trial court in the present suit determined that attorney's fees should not have been awarded in the previous case because the statutory notice provisions of Code Ann. § 20-506 (c) had not been complied with; and based on this determination he reduced the jury's verdict by $19,129.22, an amount representing $16,891.07 "recovered from Robert M. Taylor on the [previous] judgment . . . plus interest . . ." on that amount.

We agree with the bank that the reduction of its judgment for this reason was unauthorized. "The rules permitting attacks upon judgments are designed to accommodate the desire to achieve justice and the practical necessity of bringing litigation to an end. To accomplish this Georgia has drawn a distinction between judgments which are void on their face and judgments which may be shown to be void for other causes." *Wasden v. Rusco Ind., Inc.,* 233 Ga. 439, 444 (211 SE2d 733) (1975). The record before us does not indicate that the earlier judgment was void on its face, nor was the trial court's reduction of the jury's verdict based upon a motion to set aside filed pursuant to Code Ann. § 81A-160 (CPA § 160). In any event, even assuming *arguendo* that the earlier judgment was subject to a direct attack, the time for such relief had passed. See Code § 3-702. The judgment is affirmed with direction that the amount of $19,129.22 written down by the trial court be restored.

*Judgment affirmed with direction. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 5, 1982 —
REHEARING DENIED MAY 3, 1982 —

Jay M. Sawilowsky, for appellant.
O. Palmour Hollis, Richard E. Miley, Henry J. Heffernan, L. E.

*Maioriello,* for appellees.