## 76340. BANK OF LOGANVILLE v. LISLE.
(371 SE2d 215)

McMURRAY, Presiding Judge.

The Bank of Loganville brought suit against Loganville Factory Outlet, Inc., F. W. Lisle and Larry B. Beall. It was alleged that Lisle was liable to the bank pursuant to a "guaranty" in which he promised to pay the corporation's debt to the bank. Lisle answered the complaint and denied that he was indebted to the bank. Following discovery, F. W. Lisle moved for summary judgment. The motion was granted and the bank appealed. *Held:*

Viewing the evidence in favor of the bank as we are bound to do, *Georgia Intl. Life Ins. Co. v. Huckabee,* 175 Ga. App. 343, 345 (333 SE2d 618), we find the following: Lisle was president of Loganville Factory Outlet, Inc., and Beall was the corporation's vice-president and secretary. On July 19, 1983, the corporation executed a promissory note payable to the bank. The note was signed by Lisle and Beall

in their corporate capacities. It was in the amount of $50,000 and it bore interest at the rate of 13.5 percent. Thereafter, the note was renewed three times, on October 19, 1983, January 19, 1984, and April 19, 1984. The renewal notes were also in the amount of $50,000. They bore interest at the rate of 14 percent, 13.5 percent and 14.5 percent, with the last note bearing the greatest interest rate.

Although Lisle denies it, there is evidence that he signed a written "guaranty" with regard to the first promissory note and the renewal notes dated October 19, 1983, and January 19, 1984. In pertinent part, the "guaranty" instruments read: "For value received the undersigned . . . hereby unconditionally guarantee(s) the payment of the Note on the reverse side hereof and all extensions or renewals thereof . . . Undersigned also agree(s) that the holder of said Note may from time to time and without notice . . . grant any releases, compromises or indulgences with respect to said Note or any extension or renewal thereof . . ˋ all without notice to or consent of the undersigned and without affecting the liability of the undersigned hereunder . . ."

It is undisputed that Lisle did not sign a written guaranty with respect to the last note. He contends his obligation to the bank was discharged pursuant to OCGA § 10-7-22 because his risk was increased when the bank charged interest at the rate of 14.5 percent on that last note.

We agree that Lisle's risk was increased by the change in the terms of the last note. Nevertheless, we cannot agree that Lisle was discharged. Why? Because there is evidence that Lisle consented to the change in advance. As in *Rice v. Ga. R. Bank &c. Co.*, 183 Ga. App. 302 (359 SE2d 882), Lisle "unconditionally guaranteed payment of the note, all extensions or renewal thereof, and agreed that the bank, without notifying him or getting his consent, might extend or renew the note without affecting his liability." *Citizens & Southern Nat. Bank v. Scheider*, 139 Ga. App. 475, 476 (228 SE2d 611).

Since it would appear that Lisle consented to the change in the terms of the note in advance, it cannot be said that he was discharged by the increased risk. *Rice v. Ga. R. Bank &c. Co.*, 183 Ga. App. 302, supra. It follows that the trial court erred in granting Lisle's motion for summary judgment.

*Bank of Terrell v. Webb*, 177 Ga. App. 715 (341 SE2d 258), cited by Lisle is not apposite. As this court pointed out in *Rice v. Ga. R. Bank &c. Co.*, 183 Ga. App. 302, supra, the language of the instrument in that case did not demonstrate that the co-maker consented to future changes in the terms of the notes. Here, on the other hand, Lisle purportedly agreed to pay the first three promissory notes and "all extensions or renewals thereof." Since the last note was a renewal note, it was covered by the guaranty instruments purportedly exe-

cuted by Lisle. *Rice v. Ga. R. Bank &c. Co.*, 183 Ga. App. 302, supra. *Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JUNE 15, 1988 —
REHEARING DENIED JULY 8, 1988 —

*Charles R. Hager III*, for appellant.
*Anthony O. L. Powell*, for appellee.