A90A0962. PANASONIC INDUSTRIAL COMPANY v. HALL et al.

(399 SE2d 733)

POPE, Judge.

Plaintiff/appellant Panasonic Industrial Company brought suit against defendant/appellee Capital Business Systems, Inc., and defendant/appellee Jack D. Hall, as guarantor, alleging that defendants were indebted to it for typewriters and other merchandise supplied on an open account to Capital Business pursuant to the parties' dealership agreement. The trial court directed a verdict for defendant Hall, and Panasonic and Capital Business agreed to settle the remaining issues pursuant to a consent agreement. *Held*:

1. In its first enumeration of error Panasonic contends that the

---

trial court erred in directing a verdict in favor of Hall on the basis of OCGA § 10-7-22,[1] which provides for an automatic discharge of the surety if the creditor commits an act which, inter alia, increases the risk of the surety. In this case the trial court concluded that because Panasonic filed its Financing Statement in the wrong county, which allowed another creditor with a properly filed financing statement to assert a superior lien to the equipment securing the parties' open account agreement, Hall's risk was increased and thus he was discharged as a matter of law. We agree with the trial court that the action of Panasonic increased the risk of the surety. The question then becomes whether Hall, pursuant to the terms of the written guaranty of payment, consented in advance to the action of Panasonic with respect to the collateral here. We find that he did and thus reverse the judgment of the trial court granting a directed verdict in his favor.

The guaranty here was absolute and unconditional, and contained a specific waiver by Hall of "all defenses, offsets and counterclaims which [he] . . . may now or hereafter have upon any Obligation hereon. . . ." Moreover, paragraph 5 of the agreement provided, in pertinent part, as follows: "[The guarantor] hereby consents and agrees that Panasonic may at any time or from time to time, in its discretion, before or after any default of [Capital Business] with respect to any Obligations hereunder and without notice to, knowledge of or assent from the [guarantor]: . . . (b) exchange release or surrender any or all collateral security now or hereafter held . . . in connection with any or all Obligations of [Capital Business] to Panasonic. . . . Any or all of the foregoing shall be accomplished by Panasonic in such manner and upon such terms as it sees fit, and the [guarantor] shall remain bound upon this Guaranty notwithstanding any such action taken by [Panasonic]."

We agree that by the above language Hall consented to the action of Panasonic with respect to the collateral securing the obligation here. "A party may consent in advance to the conduct of future transactions and will not be heard to 'claim his own discharge' upon the occurrence of that conduct. [Cits.]" *Thurmond v. Ga. R. Bank &c. Co.*, 162 Ga. App. 245, 247 (1) (290 SE2d 126) (1982). Under the circumstances "it cannot be said that [Hall] was discharged by the increased risk. [Cit.] It follows that the trial court erred in granting

---

[1] For the first time on appeal Panasonic asserts that the trial court should have relied on Article 3 of Chapter 11, the Commercial Paper provisions of Georgia's Uniform Commercial Code, instead of the provisions relating to suretyship, OCGA § 10-7-20 et seq. However, "Article 3 does not govern guaranties which are not ancillary to notes or other actionable negotiable instruments. Guaranties alone are not negotiable instruments . . . ." *Fidelity Nat. Bank v. Reid*, 180 Ga. App. 428, 430 (1) (348 SE2d 913) (1986). The guaranty here was ancillary to an open account. Thus Article 3 of Title 11 is inapplicable.

[Hall's] motion for [directed verdict on this basis.]" *Bank of Loganville v. Lisle*, 187 Ga. App. 763, 764 (371 SE2d 215) (1988). Accord *Rice v. Ga. R. Bank &c. Co.*, 183 Ga. App. 302, 303 (1) (358 SE2d 882) (1987). See also *Rogers v. C & S Nat. Bank*, 156 Ga. App. 330 (2) (274 SE2d 722) (1980).

2. Panasonic has expressly abandoned its second enumeration of error. Because of our holding in Division 1, supra, it is unnecessary for us to address Panasonic's final enumeration of error.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 4, 1990.

*David S. Beale, Novy & James, R. Craig Henderson*, for appellant.

*Louis F. Ricciuti*, for appellees.